## Bertram Developing Company v. Tucker, et al.

(Decided March 15, 1921.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Lease—Unreasonable Delay in Performance.—Under a lease where the consideration was $1.00, one-eighth of the oil produced and $100.00 for each gas well, the main consideration was the royalties and development of the property, and the lessee could not refuse to begin development for an unreasonable length of time and extend the lease by payment of a nominal rent.

2. Mines and Minerals—Refusal and Demand—Conditions Precedent to Cancellation of Oil Lease—Lessee has Reasonable Time After Demand Before Oil Lease Can Be Cancelled.—In order for the lessor to avail himself of the right to insist upon the forfeiture of an oil lease, reserving only nominal rent pending the drilling of a well, he must not only refuse to accept the rent, but he must demand that the lessee proceed with the development, and if the latter fails to do so within a reasonable time, the lease may be forfeited.

W. R. GARDNER and NOEL F. HARPER for appellant.

JOHN H. & W. D. GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On April 4, 1916, Thomas Tucker and wife executed to Cass Burris an oil and gas lease on forty acres of land located in Allen county. The lease was afterwards assigned to the Bertram Developing Company. The consideration was $1.00 cash, one-eighth of the oil and $100.00 per annum for each gas well. The lease contained a provision that a well should be drilled on the property within thirty-six months from the date of the lease, and in case of a failure to drill a well within that time, the lessee should pay to the lessors 25c per acre each year thereafter until drilling should begin. The land was afterwards sold by Thomas Tucker and wife to G. W. Tucker, who knew of the existence of the lease. No well was drilled on the property within thirty-six months, but about ten days before the time elapsed, the Bertram Developing Company offered to pay to G. W. Tucker the rental due at the expiration of that time and to begin the immediate development of the property. The company also tendered the rentals due on the day the thirty-six months expired, but G. W. Tucker declined to receive them.

This suit was brought by the Bertram Developing Company to quiet its title to the lease. G. W. Tucker and wife filed an answer and counterclaim asking that the lease be cancelled and asserting damages because of injury to other property growing out of the company's drilling under another lease. On final hearing the petition was dismissed, the lease was cancelled and the defendants were given judgment against the plaintiff for $40.00 damages. There is no complaint of the judgment for damages, but plaintiff appeals for the purpose of reversing that part of the judgment cancelling the lease.

It is the law of this state that where, as in this case, the main consideration for the execution of the lease is the development of the property and the payment of royalties, the lessee cannot, in opposition to the wishes of the lessor, refuse to begin the development of the property for an unreasonable time and extend the lease indefinitely by the payment of a mere nominal rent. However, in order for the lessor to avail himself of the right to insist upon a forfeiture, he must not only refuse to accept the rent, but he must demand that the lessee proceed with the development, and if the latter fails to do so within a reasonable time, the lease may be forfeited. Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Ocala Oil Co. v. Hughes, 187 Ky. 486, 219 S. W. 799. Here, G. W. Tucker did refuse to accept the rent, but did not demand that the lessee begin operations. On the contrary, the lessee offered to begin operations, but Tucker declined to permit him to do so. In view of these considerations, the lease should not have been cancelled, but plaintiff's title thereto should have been quieted.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.