## McNutt v. Whitney and Whitney.

(Decided June 24, 1921.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Oil and Gas Lease—Rents.—This court is committed to the doctrine that in the execution of oil and gas leases the main consideration on the part of the lessor is the development of the property, and the payment of royalty, and that the lessee can not, in opposition to the wishes of the lessor, refuse to begin the development of the property for an unreasonable time and extend the lease indefinitely by the payment of the nominal rent after the expiration of the time provided in the lease for development. In conformity with this rule the lessor may at any time before the rental is due for a future period give notice to the lessee that he will not accept rent for that period and that he will demand a development of the property in lieu of the payment of the nomnal rent, and unless the lessee proceeds within a reasonable time thereafter to develop the property and prosecutes it with reasonable dispatch the lessor may by proper proceedings cancel the lease and forfeit all of the rights of the lessee thereunder.

2. Mines and Minerals—Oil and Gas Lease—Rents.—If the lease does not require the rentals accruing upon non-development to be paid in advance they may be paid or tendered at any time during the rental period; and it is competent for the parties to agree in the lease as to how such payment may be made and the person or persons to whom it may be made, and if the provision is that it may be made by a deposit in a named bank to the credit of the lessor such a deposit within the time will constitute a valid payment as effectual as if made to the lessee in person.

3. Mines and Minerals—Rents—Notice.—It is not competent for the lessor in giving notice that he will receive no future rents, and in demanding development, to arbitrarily fix a period within which such development may be made upon the ground that such fixed period constitutes a reasonable time for that purpose, since what is such reasonable time is a matter to be settled by the court under the facts and circumstances of the case; and for the same

reason the time fixed in the lease for the development of the property is not necessarily conclusive upon the parties as to what constitutes a reasonable time for that purpose.

BASIL RICHARDSON for appellant.

HARPER & DENTON and GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On February 19, 1916, the appellees, M. Whitney and Bettie Whitney, who were plaintiffs below, executed and delivered to A. G. Braswell an oil and gas lease on a tract of land in Allen county, Kentucky, owned by one or both of them, which entitled the lessee to explore the land for oil or gas for a period of five years and for the consideration therein named he agreed to complete a well on the premises within three hundred and sixty-five days from its date, or if he should fail to do so to pay twenty-five cents per acre for each additional year in which the conpletion of the well was delayed. The stipulation in the lease with reference to the payment of the rentals after the expiration of the three hundred and sixty-five days, says: "The above rental shall be paid to the parties of the first part in person or by check to their order deposited in the post office by registered letter to their address at Scottsville, R. F. D. No. 4, Ky., or deposited or mailed to their credit in the Allen County National Bank at Scottsville, Ky." By successive assignments the appellant and defendant below John D. McNutt became the owner of the lease and on June 3, 1919, plaintiffs filed this action against him in the Allen circuit court seeking a cancellation of the lease as a cloud upon their title, upon the ground that defendant had abandoned it and had forfeited all of his rights under it by refusing to complete a well within sixty days after March 25, 1919, pursuant to a notice that day given him by plaintiff's requiring such completion within sixty days therefrom under penalty of a forfeiture for failure to do so. The demurrer filed to the petition was overruled and defendant filed his answer, the first paragraph of which was a denial of the allegations of the petition, including the one that sixty days was a reasonable time within which to complete the well. The second paragraph affirmatively alleged the payment of the rental for the year ending on February 19, 1920, which payment was made on February 19, 1919, and which fact is also alleged in the peti-

tion. The third paragraph alleged that the lease did not require the rentals, in lieu of the development after the expiration of the three hundred and sixty-five days, to be paid in advance and that the lessee had the entire year in which to pay, and the fourth paragraph alleged that the lease, by its terms, fixed the period of three hundred and sixty-five days as a reasonable time within which to complete a well and that defendant was entitled to that much notice before a forfeiture could be adjudged. A demurrer filed to the answer and to each paragraph thereof was sustained and, defendant declining to plead further, judgment was rendered cancelling the lease and forfeiting his rights thereunder, as prayed for in the petition, and complaining of it he has appealed.

Whatever may be the rule elsewhere, the position of this court concerning the rights of the parties under such leases is well stated in the case of Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, thus: "In construing such leases, we have taken the position that the main consideration is the development of the property, and the payment of the royalty, and that the lessee can not, in opposition to the wishes of the lessor, refuse to begin the development of the property for an unreasonable time, and extend the lease indefinitely by the payment of a mere nominal rent. Monarch Oil, Gas & Coal Co. v. Richardson, 124 Ky. 602, 99 S. W. 668; Dinsmoor v. Combs, 177 Ky. 470, 198 S. W. 59. However, the right of the lessor to forfeit the lease for non-development can not be arbitrarily exercised. He must first notify the lessee that he will no longer accept the annual rentals and permit his land to remain idle and undeveloped, but will require the lessee to execute the contract according to the intention of the parties by beginning its development in good faith and if, after such notice and demand, the lessee does not begin the development within a reasonable time, the lessor may then have the lease forfeited." Still later cases supporting that doctrine are: Hughes v. Parsons, 183 Ky. 584, and Ohio Valley Oil & Gas Co. v. Irvine Development Co., 184 Ky. 517. There are a number of other cases to the same effect, and an examination of them will further show that if the lessor is either paid or tendered his rent at or within the time payment is due or within the time it may be made under the terms of the lease and before he gave notice to the lessee to develop the property, the right to demand development, or a consequent forfeiture for a failure to do so, is postponed until the expiration of the

period for which the rentals were paid or tendered. It is furthermore the rule, approved by this court and prevailing generally, that when there is no provision in the lease for the payment of rent *in advance* the lessee has the entire rental period within which to pay it. Warren Oil & Gas Co. v. Gilliam, *supra,* and Dix River Barytes Co. v. Pence, 123 S. W. (Ky.) 263, (not elsewhere reported). It is likewise true that the parties may fix in their lease what shall constitute payment of rent and also. to whom it shall be made and a payment or tender in accordance therewith will be effectual as if made to the lessor in person. Ohio Valley Oil & Gas Company case, *supra;* Guffey v. Smith, 137 U. S. 101; Kachelmacher v. Laird, 92 Ohio St. 324; Lafayette Gas Co. v. Kelsey, 164 Ind. 563; Yoke v. Shea, 47 W. Va. 40; Monfort v. Lanyon Zinc Co., 67 Kan. 310; Gillespie v. Fuinton Oil & Gas Co., 236 Ill. 188; American Window Glass Co. v. Gas Co., 37 Ind. 439; Thornton's Law of Oil & Gas, vol. 2, section 94, and Archer's Law and Practice in Oil & Gas Cases, pages 696 and 708.

In the American Window Glass Company case, referred to, the opinion says: "Where the oil and gas lease provided for certain annual rental, and stipulated that a certain deposit in a certain bank to the credit of lessor should constitute a payment a deposit of a payment, without notice from the lessor not to do so, was, in effect, a payment to the lessor." And this court referred to that opinion with approval in the Ohio Valley Oil & Gas Company case. The other cases and text books cited fully support the excerpt taken from that opinion.

It is alleged in the petition that "They (plaintiffs) say that about February 19th, 1919, the defendant sent to the Allen County National Bank of Scottsville, one hundred dollars to pay the rental *for another year,* and that they refused to accept the same or to continue the said lease for said rental." It will be observed that the quoted averment from the petition shows a strict compliance with the stipulation in the lease which we have hereinbefore inserted, concerning the payment of rentals after the expiration of the first three hundred and sixty-five days of the lease. The deposit made by defendant on February 19, 1919, in the Allen County National Bank at Scottsville, Kentucky, to the credit of plaintiffs was, as stated in the petition, "to pay the rental for another year," which gave defendant until February 19, 1920, within which to drill a well and if plaintiffs did not wish

to extend that time it was their duty to give notice to defendant before another year's rental became due that they would not accept it, and to notify the bank not to do so, and that they would demand development within a reasonable time after the year for which the rental was paid, i. e., February 19, 1920. They had no right under the doctrine of the cases, *supra*, to insist upon a forfeiture, through notice or otherwise, at any time during the year which expired on the latter date, and at no time did they have the right to fix in their notice an arbitrary measurement of what they conceived to be a reasonable time in which to develop the leased premises. So that, if the notice in this case had been given at a time when plaintiffs had the right to do so, and to insist upon a forfeiture upon non-compliance therewith, the notice which they did give was insufficient because it attempted to arbitrarily fix the reasonable time (60 days) within which defendant should complete the well or forfeit his lease after receiving it. None of the cases, *supra*, goes to the extent, as counsel for plaintiff seem to insist, of permitting the lessor to make a demand for development by notice at any time during the year for which he has been paid rentals according to the lease contract. His right to give such notice and to proceed for a forfeiture thereafter, if the well is not completed, attaches only after the expiration of the time for which rentals have been paid according to the stipulations in the lease.

Such being the condition of the law, the court erred in overruling the demurrer to the petition and, likewise, erred in overruling the demurrer to the first, second and third paragraphs of the answer; but we think he correctly held that the fourth paragraph of the answer was insufficient, since we are not inclined to hold that the time fixed in the contract for the completion of the agreed development arbitrarily measures the *reasonable time* within which such development may be demanded by the lessor on his refusal to accept rents.

Since the lease term of five years expired on February 19, 1921, upon a return of the case, if an issue is made and the proof upon trial should support the averments of the pleadings, defendant should be allowed the time consumed in this litigation within which to comply with the obligations of his lease, if conditions are the same as when the action was filed.

Wherefore the judgment is reversed with directions to set it aside and for other proceedings consistent with this opinion.