## Turner v. Lick Creek Oil and Gas Company.

(Decided October 21, 1921.)

### Appeal from Simpson Circuit Court.

1. Mines and Minerals—Lease—Rentals—Tender.—If an oil and gas lease does not provide that rentals accruing upon non-development shall be paid in advance they may be paid or tendered at any time during the rental period for which they are due.

2. Mines and Minerals—Lease—Forfeiture.—The fact the lease term is so short that the customary forfeiture clause could not become operative before the expiration of the term, is not sufficient reason for giving the customary provisions of such a lease an unusual construction, where the insertion of such a clause under the circumstances is more reasonably attributable to inadvertence than to a design to give to it and other clauses in common use in such leases an unusual meaning that could have been expressed otherwise more easily and simply.

3. Landlord and Tenant—Lack of Mutuality.—A lease is not void for lack of mutuality as to an extension period for which the lessee is irrevocably bound to pay a stipulated rental.

C. B. MOORE for appellant.

L. B. FINN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the plaintiff from a judgment sustaining a demurrer to his petition and dismissing same.

The petition, filed May 19, 1920, seeks the cancellation of an oil and gas lease executed by plaintiff to defendant on May 3, 1919, upon the ground that the defendant had forfeited same by failing to bore a well on the premises or pay rentals as agreed.

The provisions of the lease involved are: That "this lease shall remain in force for the term of two years from this date and as long thereafter as oil or gas is produced;" that the lessee shall drill a well on said premises within 365 days from the date hereof or pay at the rate of $1.00 an acre per year for each additional year such drilling is delayed, from the time above mentioned for the beginning of such well until a well is completed;" that "the completion of said well shall be and operate as a full liquidation of all rentals during the remainder of the term of lease;" and that "unless said well is completed or the rental paid as hereinbefore stipulated this lease shall become null and void and of no other force or effect."

Provisions identical in substance and almost so in language, except as to rental periods and charges, were before us in the recent case of Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698. And as in that case the contention here is that the lease was forfeited by a failure to drill the well within the specified time or to pay the stipulated rentals *in advance* thereafter. This contention was held to be without merit in the Gilliam case, as it was also in the still more recent case of McNutt v. Whitney, etc., 192 Ky. 132, and for the reasons therein fully set out we must so hold here, unless this case presents some peculiar reason for a contrary holding.

The only ground advanced here in addition to those urged and overruled in the two cases above referred to, is that this lease is for only two years and that unless it be construed to provide for payment of rentals in advance for the second year after a failure to drill a well within the first year, the provision "that unless said well is completed or the rental paid as hereinbefore stipulated this lease shall become void" is meaningless. It is only true, however, that an occasion for the operation of this clause could not arise because of the short period of the lease, since the meaning and effect of it and the other clauses quoted above have been determined by this court in many

cases and are thoroughly settled to the extent, at least, that they do not provide for payment of rentals in advance and the mere fact that they have been used in a lease for so short a period that one of them cannot become operative unless given another and unusual construction is not sufficient reason for so doing where, as is evidently the case here, the several provisions are such as are usually employed in printed forms of leases and may therefore be most reasonably construed as used in the usual way and with their customary significance.

Under such circumstances the fact that a customary clause is inserted where inapplicable is more reasonably attributed to inadvertence rather than to a design to give it and other customary clauses an unusual meaning which could otherwise have been stated more easily and simply.

We are, therefore, of the opinion that the parties did not provide by the lease for payment of rentals in advance for the second year.

In addition to the alleged failure to pay in advance it is averred in the petition that it was orally agreed and understood between the parties that the payments for the second year were to be made in advance and that this provision was omitted from the lease by mistake. It is not alleged, however, that the mistake was mutual, nor is a reformation of the terms of the lease prayed for. We are, therefore, of the opinion this allegation can neither affect the construction of the lease nor make the petition good upon demurrer.

Another insistence for appellant is that the lease is unilateral as to the second year because by its terms the lessee may or not pay rentals as he likes; but this is not true since as we have seen the lessee agrees to drill a well the first year or pay rentals "for each additional year" thereafter. Not having drilled a well within the first year he is bound and can be made to pay rentals for the remaining year of the two years' term unless appellant sooner terminated the lease by giving notice, etc., in the way pointed out in Monarch Oil & Gas Co. v. Richardson, 124 Ky. 602, 99 S. W. 668, and many other cases, which is not alleged.

Wherefore the judgment is affirmed.