## United Fuel Gas Company v. Adams.

(Decided March 16, 1923.)

### Appeal from Lawrence Circuit Court.

Mines and Minerals—Notice to Develop Held Sufficient Where Lessee was Holding for Speculation.—Where the lessee of an oil and gas lease was holding it purely for speculation without bona fide intention to develop, so as not to be entitled to the same notice as one intending to develop, a notice requiring development within six months was sufficient, though those months came during the winter season, when weather conditions made the development difficult.

KIRK & KIRK and R. G. ALTIZER for appellant.

CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment cancelling an oil and gas lease for failure of the lessee to develop the lease, after the lessor had refused longer to accept nominal rentals and demanded development, as under many decisions of this court he had the right to do. Monarch Oil & Gas Co. v. Richardson, 124 Ky. 602, 99 S. W. 668; Soaper v. King, 167 Ky. 121, 180 S. W. 46; Dinsmoor v. Combs, 177 Ky. 740, 198 S. W. 58; Hughes v. Busseyville Oil & Gas Co., 180 Ky. 545, 203 S. W. 515;

Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Ohio Valley Oil & Gas Co. v. Irvine Development Co., 184 Ky. 517, 212 S. W. 110; Maverick Oil & Gas Co. v. Howell, 193 Ky. 433, 237 S. W. 40.

The only ground urged for reversal that we consider of sufficient importance to merit discussion is, that the time allowed for development after notice and before this suit was filed was not a reasonable time for. the purpose, under the above cases.

In the last of the cases, *supra,* Maverick Oil & Gas Company v. Howell, we held that the court did not err in cancelling a similar lease, where but four months elapsed between the notice to develop and the suit for cancellation. In the course of that opinion we said:

"In determining what is a reasonable time, every case must be controlled by the facts proved in that particular case. Where it appears that the holder of the lease is holding it purely for speculative purposes, the time for development after notice must necessarily be shorter than where it is shown that the holder in good faith intends to develop but is temporarily delayed in carrying out his intentions."

This latter statement is of peculiar pertinency, since it was conclusively shown that appellant was holding this lease purely for speculative purposes, and did not in good faith intend to develop at all, unless some other operator should strike oil in the immediate vicinity of this land.

In these circumstances, the mere fact that the six months allowed for development was between November and April, when drilling operations might have been difficult because of weather conditions, is not, in our judgment, material and certainly not sufficient to excuse no effort whatever upon the part of appellant to comply with the notice, or to render the time insufficient when, as here, there is no showing by the lessee that his failure to begin operations was due to conditions actually encountered in a *bona fide* effort to comply with the notice.

We are therefore of the opinion that there is no merit in this contention.

Judgment affirmed.