## Swiss Oil Corporation v. Howell.

(Decided June 15, 1923.)

### Appeal from Warren Circuit Court.

1. Mines and Minerals—Oil Lease May be Canceled for Refusal to Develop Within Reasonable Time After Notice.—Failure to develop an oil lease within a reasonable time after refusal to accept rentals and notice that development is demanded furnishes ground for a cancellation of the lease.

2.  Mines and Minerals—Reasonable Time for Development After Notice Depends on Facts of Each Particular Case.—What is a reasonable time within which an oil and gas lease shall be developed after notice depends on the facts of each particular case.

3.  Mines and Minerals—Lessor Cannot Require Development Within Period Covered by Extension for which Rent is Accepted.—The lessor cannot require development of an oil and gas lease by the lessee within a period during which the lease is extended under its terms by the payment of rentals which have been accepted by the lessor.

4.  Mines and Minerals—Twenty-five Days is Not Reasonable Time Within which to Require Development.—Even if a notice given before the expiration of an extended term of an oil lease requiring development is sufficient to require development within a reasonable time after the expiration of that period, the lapse of 25 days after such expiration is not a reasonable time, and does not authorize a cancellation of the lease.

5.  Mines and Minerals—Statute Requiring Offset Well Held Not to Authorize Cancellation of Oil Lease, Under Notice.—Ky. Stats., section 3766b-4c, requiring a lessee to dig an offset well on the leased premises within three months after oil is commenced to be transported from a well on adjoining premises within 200 feet of the leased land, does not authorize cancellation of the lease under a notice to develop given before the statute took effect, even if after it became effective, it applied to contracts theretofore executed.

THOMAS, THOMAS & LOGAN, J. FRANKLIN CORN and E. L. McDONALD for appellant.

BYRON RENFREW and W. O. RODES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In January, 1917, appellee executed an oil and gas lease upon his land to appellant's remote assignor. The lease provided that it should become void "in case no well is completed within one year," but that the lessee could prevent "such forfeiture" by paying stipulated rentals quarterly during the lease period and until a well was completed. No well was drilled, but rentals were regularly paid each three months.

After acceptance of the quarterly payment which fully paid the rentals to April 9, 1920, appellee, on January 7th, gave appellant written notice that he would not accept rentals any longer, and that unless development was begun within ninety days after that date he would sue to cancel the lease. Accordingly, he instituted this ac-

tion on May 4, 1920, for cancellation of the lease, which the chancelor adjudged, and the lessee has appealed.

Counsel for appellee have not favored us with a brief, and the judgment does not state the ground upon which the cancellation was adjudged. It must have been granted, however, because of the lessee's failure to begin a well within the time that elapsed between January 7, 1920, when the notice to develop was given, and May 4, 1920, when the suit was filed.

We have held, in many cases, that a failure to develop within a reasonable time after refusal to accept rentals and notice that development is demanded, furnishes ground for a cancellation of such a lease. Monarch Oil & Coal Co. v. Richardson, 124 Ky. 602, 99 S. W. 668; Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Bertram Development Co. v. Tucker, 191 Ky. 9, 228 S. W. 1027, etc.

We have never attempted, however, to say just what is a reasonable time, but have held that to be a question determinable upon the facts of each particular case. Maverick Oil & Gas Co. v. Howell, 193 Ky. 433, 237 S. W. 40; United Fuel Gas Co. v. Adams, 198 Ky. 283, 248 S. W. 841.

As appellee accepted payment of rentals to April 9, 1920, and thereby irrevocably extended the life of the lease until that date, he could not require development within that period, since the rentals were paid and accepted in lieu thereof. McNutt v. Whitney, 192 Ky. 132, 232 S. W. 386. Hence the notice given was wholly ineffective, if strictly construed, since it required development before the expiration of that period. And even if we could ascribe to the notice the effect, despite its terms, of requiring development after the expiration of such period—a question not decided—but twenty-five days elapsed thereafter until this action was instituted, and this was not a reasonable time even according to the notice and as arbitrarily fixed by appellee, and it is certainly not such on the facts.

Appellee's evidence was directed toward proving that a well had been drilled upon an adjoining tract of land and within 200 feet of appellee's line, evidently upon the theory that because thereof appellant was required by section 3766b-4c of the statutes to dig an offset well within three months after receipt of the written notice, to prevent the lease from becoming void. But the notice

was given more than two months before that statute became effective. The evidence is not clear that the well on the adjoining tract was within 200 feet of appellee's land, and there is no proof that oil or gas had "commenced to be transported off and marketed from said adjoining premises," as in that statute provided.

Hence it is clear that the provisions of that statute are not applicable here, even if, since its effective date, it applies to contracts theretofore executed—a question not now considered.

Wherefore the judgment is reversed, with directions to dismiss the petition.