## Union Gas & Oil Company v. Indian-Tex Petroleum Company, et al.

(Decided November 16, 1923.)

### Appeal from Johnson Circuit Court.

1. Judgment—Judgment Rendered at One Term may be Read or Signed at Following Term.—Judgment made during one term, but not read in open court or signed by the judge until the first day of the following term, held not void.

2.  Removel of Causes—Judgment Entered while Motion for Re-
    moval Pending Not Void where Cause Remanded.—Judgment
    rendered by state court while a motion for removal to the United
    States district court was pending was not void where the motion
    was denied and the cause was remanded by the federal court to
    the state court for want of jurisdiction.

3.  Removal of Causes—Cause Not Removed at Instance of Plaintiff.
    —A plaintiff, once having submitted its cause to the jurisdiction
    of a state court, may not have a removal to a federal court.

4.  Removal of Causes—Plea in State Court Held Not to Prejudice
    Right of Removal.—A party may plead in a state court in response
    to affirmative pleadings by the adverse party without prejudicing
    his rights to removal to the federal courts.

HOLT, DUNCAN & HOLT and FRED M. VINSON for appellant.

O'REAR, FOWLER & WALLACE, WHEELER & WHEELER,
and S. S. WILLIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The judgment of the Johnson circuit court is assailed
as erroneous and void by this appeal on the following
grounds:

1.  It was entered after the adjournment of the term
of the court and was neither read in open court or signed
by the presiding judge.

2.  Because there was no order of court filing the an-
swer and cross-petition upon which it was based.

3.  Because the case was pending on removal in the
United States district court at the time the judgment was
entered in the Johnson circuit court.

Appellee Gillem and wife owned 160 acres of land
in the Blain oil field of Johnson county in 1916, and on the
8th of February of that year executed a lease for oil and
gas to one Albin, conditioned that a well was to be drilled
upon the premises within one year from the date of the
lease, failing which the lease should become null and void,
unless the lessee should pay the lessor a rental of ten
cents per acre per year. No well was commenced upon
the premises during the first year, and no rentals were
paid on February 8, 1917, or in the first year, but the ren-
tals were paid on February 8, 1918; February 8, 1919;
February 8, 1920, and received and accepted by the lessor.
No development having been commenced, Gillem, the
lessor, on February 9, 1920, gave to the Union Gas & Oil

Company, assignee of the original lessees, the following notice:

"To the Union Gas and Oil Company:

"You will by this take notice that on February 8, 1916, J. C. Gillem and Laura Gillem, his wife, executed and delivered to one A. C. Albin one certain oil and gas lease on a 150-acre tract of land lying on the waters of Keaton fork of Big Blaine creek in Johnson county, Kentucky, in the Red Bush precinct, and bounded as follows:

"On the north by the land of W. L. Gillem and C. C. Wright; on the east by the land of J. C. Holbrook and C. C. Wright; on the south by the land of Jeff Lester; on the west by the land of G. W. Gillem; said lease being recorded in Lease Book No. 5, page 454; that on April 17, 1917, said lease was assigned by said A. C. Albin to A. B. Ayers, etc., said assignment being recorded in Lease Book No. 12, page 140, Johnson county court records, and later and on the 21st day of April, 1917, said A. B. Ayers, etc., assigned said lease to the Union Gas and Oil Company, said assignment being recorded in Lease Book No. 12, page 145, Johnson county court records.

" You will, therefore, hereby take notice to begin operations for the development of said premises for oil and gas by actual drilling in good faith and to prosecute said work continuously until said premises are developed, and, failing to do so within a reasonable time after the service of this notice upon you or your agent or attorney, suit will be instituted against you for the cancellation of said lease.

"You are further notified that we will not accept any further rentals of the said lease, and we are this day notifying the Bank of Blaine, Blaine, Kentucky, not to accept any more rentals if sent to them to be placed to our credit in the future on account of said lease having been executed.

"Given under our hands this the 9th day of February, 1920.

"J. C. Gillem,
Laura Gillem."

This notice was served by a deputy sheriff upon the process agent of the Union Gas and Oil Company on the 13th day of February, 1920. The Bank of Blaine was also notified by the Gillems not to receive rentals on their behalf for the oil lease in question. The appellant company

failed to commence development for oil and gas on the lease, but on February 8, 1921, tendered to appellee Gillem the regular ten cents per acre rentals and Gillem declined to accept it, and announced to the agent of the company that the lease was at an end. On May 20, 1921, Gillem and wife executed to Root, Hupp and Huff, assignors of appellee, Indian-Tex Petroleum Company, an oil and gas lease upon the same tract of land, and this lease was duly recorded in the proper office in Johnson county within a few days after its execution. Shortly after the second lease was recorded appellant, Union Gas and Oil Company, over the objection and protest of Gillem and appellee company, moved its drilling rig upon the property and began to drill for oil. This well was a producer. Appellant company did this work on the lease with full knowledge that the Gillems had executed a top lease to appellee company on the 20th of May, 1921. Soon after the completion of the well by the appellant company, appellee company moved its machinery on to the lands and began to drill. Immediately thereafter appellant, Union Gas and Oil Company, instituted this action against appellee, Indian-Tex Petroleum Company, to obtain an injunction and prevent the latter company from drilling for and taking and appropriating oil or gas from the premises. The appellee company filed an answer and counterclaim by which it traversed the material averments of the petition, and by way of counterclaim asserted that the lease contract under which appellant company claimed had been abandoned by appellant company and the same had become and was at the time of the execution of the second lease null and void and of no effect, and that the appellant company was a trespasser upon the lease in question, and prayed that the original lease made to Albin on February 8, 1916, be cancelled and adjudged of no validity. Upon the filing of this answer and counterclaim appellant company dismissed its petition and sought by petition and bond to obtain a removal of the cause from the Johnson circuit court to the United States district court for the eastern district of Kentucky, but its petition was overruled and removal denied. Notwithstanding this order of the Johnson circuit court, appellant company carried a transcript of the proceedings to the federal court and filed the same there and asked that court for removal of the cause. While the matter was pending in the federal court on removal the appellee company moved that the averments of the counterclaim be taken as true, and after

the time provided by the Code for filing of a reply had expired the motion was sustained and the averments of the counterclaim taken for true and judgment entered accordingly, adjudging the Albin lease null and void. Soon thereafter the federal court declined to take jurisdiction of the case and remanded it to the Johnson circuit court for trial. At that time the orders of the Johnson circuit court entered upon its last day of the October term had not been signed and the judgment from which this appeal is prosecuted is among the orders of that day. When the court met at its January term the orders were read and signed by the judge in the regular way. In the meantime, it had been intimated to the court and to the counsel on the other side that appellant company desired the judgment set aside, and it allowed to file its reply. After the signing of the orders, including the judgment in question, appellant company filed its motion to set aside the judgment and in support of its motion filed the affidavit of the deputy circuit court clerk and one or two others showing that the judgment in question had been entered since the adjournment of court at its October term and had not been signed until the first day of the January term. After hearing the court overruled the motion to set aside the judgment and appellant Union Gas and Oil Company prosecutes this appeal.

The judgment holding the Albin lease null and void, entered on November 17, 1922, was not and is not void. So far as this record shows it was entered in the regular way and signed by the judge. If it be admitted that the order was made during the October term on the 17th day of November, 1922, but was not read in open court or signed by the judge until the first day of the January term following, the result is the same. Bennett v. Tierny, 78 Ky. 580; L. & N. R. R. Co. v. Elizabethtown School District, 105 Ky. 359; Trust Co. v. Casey, 131 Ky. 771; Desha v. Harrison Co., 141 Ky. 692; Fristoe v. Gillem, 80 S. W. 823; Mays v. Duncan, 157 Ky. 586; Monarch v. Brey, 106 Ky. 688.

Appellant says that there was no order of the court filing the answer and counterclaim, upon which the judgment was based. The transcript of the record shows that on July 13, 1922, the counterclaim and answer were filed and noted of record in the usual way and this order was signed by the judge. It reads: "Comes the defendant, Indian-Tex Petroleum Company, J. C. Gillem and Laura Gillem, and tendered which is ordered filed, their

answer and counterclaim herein." Furthermore, the clerk endorsed the pleading, "Filed July 13, 1922." There seems to be no merit in this contention.

It is next insisted that the judgment is void because entered while a motion for removal of the cause to the United States district court was pending. The fact is that the judgment was so entered, but we do not think it void on that account. When the petition for removal was presented to the Johnson circuit court it was held insufficient because made by the plaintiff instead of the defendant. The federal statutes upon the subject read:

> "Any suit of a civil nature, at law or in equity, arising under the construction of laws of the United States or treaties made, or which shall be made under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein, to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

It would seem that a plaintiff once having submitted its cause to the jurisdiction of a state court may not have a removal to the federal court. This, no doubt, was the reason why the circuit court declined to grant the removal and no doubt the reason why the federal court remanded the cause to the Johnson circuit court. It is said in 23 R. C. L., p. 781, that it is the well settled rule that when a sufficient cause for removal is made in the state court, the original jurisdiction of that court comes to an end, and no further proceedings can properly be had there unless in some form its jurisdiction is restored. On the other hand, however, an order of remand by the federal court will validate proceedings of the state court had between the removal and the remand; except probably where such proceedings were in violation of an injunction lawfully issued by a federal court.

In Foster's Practice (6th Ed.), p. 3041, the rule is thus stated:

"According to the preponderance of authority, if the state court proceeds in a cause notwithstanding an attempted removal, and the cause is subsequently remanded because of want of jurisdiction, the intervening proceedings in the state court are valid."

It also is well settled that a party may plead in a state court in response to affirmative pleadings by the adverse party without prejudicing his rights to removal of that cause to the federal courts. Foster's Federal Practice (6th Ed.), p. 3041.; Phoenix Ins. Co. v. Pencher, 95 U. S. 185. Therefore, this contention must be rejected.

On the merits the judgment is correct. It is a well settled rule that when the lessee for oil and gas fails after reasonable notice to begin development of the premises in accordance with the terms of the lease the lessor may have a cancellation of the contract if he refuses to accept rentals from the lessee. Keystone Gas Co. v. Salisbury, 192 Ky. 643; Maverick Oil & Gas Co. v. Howell, 193 Ky. 433; United Fuel Gas Co. v. Adams, 198 Ky. 283; Lyons v. Union Gas & Oil Co., 281 Fed. 674.

As the appellant company failed for more than a year after receiving the written notice copied above to proceed with development, its rights under the lease were obliterated by abandonment. In some cases we have held a much shorter period sufficient to evidence a purpose on the part of the lessee to abandon the contract. Keystone Gas Co. v. Salisbury, 192 Ky. 643; Maverick Oil & Gas Co. v. Howell, 193 Ky. 433; United Fuel Gas Co. v. Adams, 198 Ky. 283.

In the absence of a showing by appellant that the trial court committed prejudicial error the judgment must be affirmed.

Judgment affirmed.