## Mid-South Oil Company v. Jaynes.

(Decided April 21, 1925.)

### Appeal from Johnson Circuit Court.

1. Mines and Minerals—Lessor May Demand Cancellation of Oil Lease for Nondevelopment Within Reasonable Time After Notice, though Rent is Paid.—Lessor may demand cancellation of oil and gas lease, if property is not developed within reasonable time after notice, though rent is paid.

2. Mines and Minerals—Reasonable Time After Demand for Development Depends on Facts.—Reasonable time after lessor's demand for development of oil and gas lease depends on facts in particular case, such as whether lessee is holding for purely speculative purposes, or is temporarily delayed in carrying out intent to develop.

3. Mines and Minerals—Lessor May Demand Development, and Proceed for Forfeiture for Nondevelopment Within Reasonable Time Thereafter, Only After Expiration of Time for which Rentals were Paid.—Lessor's right to give notice of demand for development of oil property by lessee, and proceed for forfeiture, if

well is not completed within reasonable time thereafter, attaches only after expiration of time for which rentals have been paid as stipulated in lease.

4.   Mines and Minerals—Lessor Entitled to Cancellation of Lease for Nondevelopment Within Reasonable Time After Notice of Intended Refusal to Accept Rentals for Extension.—Lessor, at any time before rentals may be paid under oil lease, may give lessee notice that he will refuse rentals for further extension and demand development of premises, and, if development is un-reasonably delayed thereafter, may have lease canceled, though lessee offered or tendered rental before due date.

5.   Mines and Minerals—Six Months from Expiration of Quarter for Which Rent Paid Held Not Reasonable Time for Development of Lease, so as to Entitle Lessor to Cancel for Nondevelopment.— Six months from expiration of quarter for which rent was paid held not reasonable time for development of oil and gas lease, so as to entitle lessor to cancellation for nondevelopment within such time, in view of dry fall, rendering it impracticable to get water, subsequent rains, rendering movement of machinery and materials over road to land from railroad impracticable, extent of lessee's holdings, and its arrangement to develop tract in following spring.

PRICHARD & MALIN for appellant.

WHEELER & WHEELER for apppellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On September 12, 1916, Earnest Jaynes executed an oil and gas lease to L. C. Patterson. By assignment this lease passed to the Mid-South Oil Company in the summer of 1921. The lease contained the following provision:

"Provided, however, that this lease shall become null and void and all rights hereunder shall cease and determine unless operations for the development of said premises for oil and gas are commenced within one year from the date hereof, or unless said second party shall pay nine and 38/100 ($9.38) dollars every three months in advance for each additional three months the commencement of operations is delayed from the time above mentioned for the commencement of operations until operations are commenced."

It also provided that the consideration to the owner from each gas well should be at the rate of $200.00 per year while the well showed a certain pressure and at a proportionately less rate where it showed a smaller pressure. The land lay in the gas belt; no well had been put down, but the rent was regularly paid, quarterly in advance, the last payment being made on June 12, 1922. On July 29, 1922, Jaynes served on the company the following notice:

> "You are hereby notified that the undersigned requires of you the immediate drilling, fully developing and the marketing of the products of oil or gas on the premises heretofore leased by the undersigned."

A considerable correspondence ensued, the company insisting that it could not develop the property right then but would the following spring. On March 12, 1923, Jaynes served on the company the following notice:

> "You are hereby notified not to enter on the hereinafter described premises for the purpose of drilling same for its oil and gas properties, or at all, the lease you once held on said tract of land having long since expird for your failure to comply with the terms of the notice to drill."

On April 4th he filed this suit against the company to obtain a cancellation of the lease. The defendant filed answer, proof was taken and on final hearing the circuit court adujdged the plaintiff the relief sought. The defendant appeals.

The lease provides that it shall be void if no wells are put down and the rent is not paid. But here the rent was paid. This court has, however, held in a number of opinions that as the royalty from the wells is the essential thing in such a contract, the lessor may demand a cancellation of the lease if the property is not developed within a reasonable time after notice demanding this.

> "This remedy is considered necessary because of the fluctuating and uncertain value of this class of property and of the importance of a speedy development of it in order to protect the interest of the lessor and to accomplish the purpose for which such leases are made.

"It is, of course, incumbent upon the lessor to make demand on the lessee to develop the property within a reasonable time, and thereafter, developments must be started within such time or a cancellation will be decreed. In determining what is a reasonable time every case must be controlled by the facts proved in that particular case. Where it appears that the holder of a lease is holding it purely for speculative purposes, the time for development after notice must necessarily be shorter than where it is shown that the holder in good faith intends to develop but is temporarily delayed in carrying out his intention." Maverick Oil & Gas Co. v. Howell, 193 Ky. 439.

As to notice in such cases the court has laid down these rules:

"So that, if the notice in this case had been given at a time when plaintiffs had the right to do so, and to insist upon a forfeiture upon noncompliance therewith, the notice which they did give was insufficient because it attempted to arbitrarily fix the reasonable time (60 days) within which defendant should complete the well or forfeit his lease after receiving it. None of the cases, *supra,* goes to the extent, as counsel for plaintiff seem to insist, of permitting the lessor to make a demand for development by notice at any time during the year for which he has been paid rentals according to the lease contract. His right to give such notice and to proceed for a forfeiture thereafter, if the well is not completed, attaches only after the expiration of the time for which rentals have been paid according to the stipulations in the lease." McNutt v. Whitney, 192 Ky. 136.

"The lessor may at any time previous to the last moment in which the rentals may be paid give to the lessee notice that he will not again accept the rentals for the extension of the lease for another period and will refuse such rentals and demand development of the leased premises according to the terms of the lease, and if after such notice such development is unreasonably delayed the lessor may have a cancellation of the lease contract, even though the lessee has offered or tendered the rental before the due date, which rental was refused by the lessor." Satterfield v. Galloway, 192 Ky. 784.

As to what is a reasonable time the court has steadily held that this is a question to be determined on the facts of each case.

"We have held, in many cases, that a failure to develop within a reasonable time after refusal to accept rentals and notice that development is demanded, furnishes ground for a cancellation of such a lease.

"We have never attempted, however, to say just what is a reasonable time, but have held that to be a question determinable upon the facts of each particular case." Swiss Oil Corporation v. Howell, 199 Ky. 765.

As Jaynes had been paid the rent for the quarter beginning June 12, 1922, he was not entitled to demand development until the end of that quarter and he, by written notice just six months after this, notified the company not to enter on the premises for the purpose of drilling wells, etc. It is shown, by the uncontradicted evidence, that as oil is heavier than gas the latter rises to the top of the dome and gas wells must be bored there. It also appears that the fall of 1922 was a very dry fall and it was impracticable to get water to bore wells at that time there. When the rains came the road was so bad that it was impracticable to move machinery or to haul the material from the railroad, which was some distance from the land and only to be reached by the usual mountain road. Before these conditions had passed away Jaynes, knowing that the company was arranging to put in the well in the spring and to forestall it, gave the written notice on March 12th and on April 4th brought this suit.

On these facts the court is clearly of the opinion that a reasonable time had not elapsed and that Jaynes is not entitled to a cancellation of the lease. The proof is clear and uncontradicted that the company was not holding the lease for speculative purposes but was rapidly developing the property it held. It had put down twenty-eight wells and was putting down others as fast as it reasonably could. It held a boundary of about 2,000 acres and could not reasonably develop each tract at the same time. It had made its arrangement to develop Jaynes' tract in the spring and Jaynes well knew this; he had bought a rig of his own and had conceived the idea of drilling this land for himself. But he cannot have

a cancellation of the lease without first giving the company a reasonable time to develop the property, and this he did not do.

Judgment reversed and cause remanded for a judgment dismissing the petition.