## Pennagrade Oil & Gas Company v. Martin.

### (Decided November 10, 1925.)

### Appeal from Floyd Circuit Court.

1. Mines and Minerals—Failure to Develop Lease Within Reasonable Time is Ground for Cancellation.—Failure to develop an oil and gas lease within reasonable time after refusal to accept rentals and notice that development is demanded furnishes ground for cancellation of lease.

2. Mines and Minerals—Lease Not Forfeited for Failure to Drill Deeper for Oil, where Lessees Drilled Gas Well of Substantial Production Within Time Required.—Where lessees agreed to locate and complete a well on premises within 6 months from date of lease, or pay rentals for delay in development, drilling of a gas well of substantial production within time required held a substantial compliance with the lease, and a forfeiture cannot be adjudged for failure after notice to drill deeper for oil.

3. Mines and Minerals—Delay in Marketing Gas from Gas Well Held Not to Operate as Abandonment of Lease.—A delay of two years and six months in marketing gas from gas well held not an abandonment of lease of such premises, where gas could only be marketed at a large cost, and delay was during World War, when it was very difficult if not impossible to raise money for private enterprises.

4. Mines and Minerals—Whether Delay in Marketing Gas from Gas Well is Unreasonable Depends on Circumstances of Each Particular Case.—Whether delay in marketing gas from gas well is so unreasonable as to constitute an abandonment of the lease depends upon circumstances of each particular case.

5. Mines and Minerals—Lease Held Not Void for Lack of Mutuality. —Lease of premises to drill for oil and gas held not void for lack of mutuality, in that lessee might terminate lease at any time by paying $1 to lessor and recording a deed releasing interest conveyed and lessor from terms of lease, where lessees actually drilled two gas wells at large expense.

6. Contracts—Contract Not Void for Lack of Mutuality, where Party Not Bound has Performed its Conditions.—A contract is not void

for lack of mutuality, where the party who is not bound has performed its conditions.

JOSEPH D. HARKINS for appellant.

SMITH & COMBS, JOHN L. SMITH and MARTIN & SMITH for. appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On February 24, 1916, T. A. Martin and wife executed to A. B. Brode an oil and gas lease on 209 acres of land in Floyd county. By the terms of the lease the lessee agreed to locate and complete a well on the premises within six months from the date of the lease, or pay at the rate of $1.00 per acre annually, payable quarterly in advance, for each additional three months such location and completion were delayed. The consideration was $1.00 cash in hand paid and the covenants and agreements contained in the lease. Among the covenants and agreements was the undertaking of lessees, first, to deliver to the credit of the first party in the pipe line to which the lessee might connect wells one-eighth of the oil produced and saved from the leased premises; second, to pay at the rate of $200.00 annually for the gas from each and every gas well drilled on the premises, the product from which was marketed and used off the premises; third, to pay $25.00 annually for the gas from each and every oil well drilled on the premises while said gas was used for the extraction of gasoline or the manufacture of other products from oil gas. The lease also contained the provision that it might be terminated at any time by the party of the second part by the payment of $1.00 to the party of the first part after recording a deed releasing the interest conveyed by the lease and the party of the first part from all the terms and conditions of the lease.

Within six months from the date of the lease Brode, the lessee, drilled and completed a well with a daily production of 800,000 cubic feet of gas. On May 19, 1916, the lease and well were transferred to the Kentucky Oil & Gas Producing Company, which drilled a second well about 1,500 feet from the first well with a daily production of two million feet of gas. Thereafter, the lease was assigned to J. D. Harkins, who in turn assigned it to the Pennagrade Oil & Gas Company.

During the summer of 1916, T. A. Martin notified A. B. Brode that he wanted the lands developed into oil bearing sand which was found in that locality at about a depth of 1,800 to 2,000 feet, and below the Maxon sand in which the gas wells had been driven.

In the month of October, 1918, the lessor, Martin, brought this suit against A. B. Brode and the Pennagrade Oil & Gas Company to cancel the lease. The grounds relied on were, first, failure to develop according to the terms of the lease after notice given; second, abandonment of the lease by failure to market the gas for a period of two years and six months before suit was brought; third, the lease is a unilateral contract. On final hearing the lease was concelled and the Pennagrade Oil & Gas Company has appealed.

It is first insisted that the lease was properly cancelled for failure to develop. There was some evidence that wells had been drilled in that vicinity to a depth of about 1,800 to 2,000 feet and oil found in small quantities, and it is claimed that the lessees' failure for an unreasonable length of time to drill for oil into deeper sands after notice by the lessor that he desired them to do so operated as a forfeiture of the lease. The rule is that the failure to develop an oil and gas lease within reasonable time after refusal to accept rentals and notice that development is demanded furnishes ground for a cancellation of the lease. Swiss Oil Corporation v. Howell, 199 Ky. 763, 251 S. W. 1007; Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Monarch Oil, Gas & Coal Co. v. Richardson, 124 Ky. 602, 99 S. W. 668. But the rule is not applicable to the facts of this case. Here, the lessees agreed to locate and complete a well on the premises within six months from the date of the lease, or pay rentals for delay in development. The lease includes gas as well as oil, and the kind of well to be drilled not being specified, it can not be doubted that the drilling of a gas well of substantial production within the required time was a substantial compliance with the terms of the lease and a forfeiture can not be adjudged for failure after notice to drill deeper for oil.

The further point is made that the delay in marketing the gas for a period of two years and six months before suit was brought and for a long period thereafter operated as an abandonment of the lease. Whether or not a delay in marketing gas is unreasonable depends, of course, upon the circumstances of each particular case.

The land covered by the lease is located in a remote section of the mountains. The nearby town of Wayland was supplied with gas and there was no market there. Therefore, the only way that the gas could be marketed was through a pipe line at the cost of several hundred thousand dollars, or by the erection of a carbon plant at a large expense. The delay was during the World War, and, therefore, at a time when it was very difficult, if not impossible, to raise money for private enterprise. Notwithstanding this fact, the lessees were constantly engaged in an effort to raise money for such purposes. These efforts finally culminated in a contract for the sale of the gas to the Louisville Gas & Electric Company, which involved the construction of approximately 30 miles of pipe line before the gas could be marketed. In view of all the circumstances we are constrained to hold that the delay in marketing did not operate as an abandonment of the lease.

But it is argued that the contract is unilateral because of the provision that the lessee might terminate the lease at any time by paying $1.00 to the lessor and recording a deed releasing the interest conveyed and the lessor from the terms and conditions of the lease. It must not be overlooked, however, that the lessees actually drilled two gas wells at an expense of about $15,000.00. The rule is that a contract is not void for lack of mutuality where the party who is not bound has performed the conditions of the contract. Allen v. New Domain Oil & Gas Company, 73 S. W. 747, 24 Ky. Law Rep. 2169; Vanover v. Justice, 174 Ky. 577, 192 S. W. 653. We therefore conclude that the lease should not have been cancelled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.