CASE 75—ORDINARY—SEPTEMBER 28, 1882.

# Bracken County Commissioners of Sinking Fund v. E. Daum, &c.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. It was the duty of the county judge to take and approve of the bond, and common prudence required that when the power of attorney was presented to him with three names erased so plainly that any person ordinarily would observe it, he should have inquired and seen that they had been taken from the power with the knowledge or consent of the remaining sureties.

Bracken County Commissioners of Sinking Fund v. E. Daum, &c.

:2. Officials who are intrusted with authority to take and approve such bonds should use ordinary care and prudence in protecting sureties, and when the facts are such as to put the officer upon inquiry, he must make that inquiry, or the sureties will not be bound.

:3. The county judge could not permit a surety to withdraw his name from a power of attorney unless his co-sureties knew that such was the intention, and failed to object or consented to it.

"B. G. WILLIS, A. DUVALL AND WM. LINDSAY FOR APPELLANTS.

.1. The instructions given by the court are erroneous. The evidence utterly fails to show that the county judge consented to or authorized any erasure of any name upon the power of attorney. The court should have sustained the demurrer to the answers of appellees. (Jones v. Ins. Co., 2 Met., 58; Smith v. Moberly, 10 B. Mon., 264; 14 Bush, 610.)

· 2. Each and every appellee who ratified the bond is bound thereon upon the principles laid down in Bell v. Hazelwood, 1 Duv., 104.

. JOHN B. CLARKE, JOHN & J. W. RODMAN, AND W. P. D. BUSH FOR APPELLEES.

·1. The petition is insufficient. There is no averment that any county levy was assessed by the county court for 1878. (Greenwell v. The Commonwealth, 78 Ky., 322.)

. 2. The court properly gave instructions one and two asked for by appellees. (Burton v. Shotwell, 13 Bush, 270; Smith v. U. S., 2 Wall., 217; Dehart v. Wilson, 6 Mon., 580; 13 Bush, 197; Hall v. Smith, 14 Bush, 604; Gen. Stat., chap. 22, sec. 20; 13 Bush, 526; .Wharton on Agency, sec. 65; 5 Heiskell, 425; 4 Mason, 296; 12 Bush, 35; Chamberlain & Tapp v. Brewer, 3 Bush.)

-CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action on the bond of a sheriff against his --sureties for the purpose of holding them liable for his de- ·fault.

They interposed a special plea of *non est factum*, based ·upon the following facts: Ten persons, including the appel- lees, signed a power of attorney, authorizing the clerk of the ·county court to sign their names to the sheriff's levy bond.

Before the power of attorney was delivered to the clerk, :the sheriff to whom it had been delivered erased from it one ·or two of the names of the sureties, but it is not clear when ·the third name was erased from the power.

The appellees alleged that these erasures were made with-. out their knowledge or consent, and that they would not have signed the power of attorney if they had known that the three persons whose names are given were not to be bound on the bond; that the county judge, whose duty it was to take the bond and approve the sureties, erased or permitted the name of Thomas Hackett, one of the ten who had signed the power, to be erased from it on the day he accepted and approved the bond. They deny any knowl-· edge of this action on the part of the county judge; or that they ever consented to or ratified his action.

Issue was joined upon the plea of *non est factum* and ratification.

On the trial, the court instructed the jury, in substance, that if the names were erased from the power without the knowledge or assent of the sureties, *and with the knowledge* · or *by the direction of the county judge*, they should find for the sureties, unless the sureties subsequently treated the · bond as an existing obligation, and thus ratified it.

The jury found a verdict for the sureties, and the commissioners of the sinking fund of the county have appealed.

We have purposely omitted all other questions than the one presented by the instructions on the issues named, as · the settlement of that question disposes of the case.

Did the court properly instruct the jury? We think it did.

It was the duty of the county judge to take and approve · the bond, and common prudence required of him, when the power of attorney was presented with three names erased· in such a manner as any one could not help but observe.it,. that he should inquire into the matter,. and see that they·

had been legally taken from the power, either with the knowledge or consent of the remaining sureties.

The facts were such, in our judgment, as to put him upon inquiry, and should have satisfied him of the infirmity of the paper.

Officials who are intrusted with the authority to take and approve such bonds ought to use ordinary care and prudence to protect sureties, and when the facts are such as to put the officer upon inquiry, he must make that inquiry, or sureties will not be bound; and it follows, of course, that the judge could not permit a surety to withdraw his name from the power unless his co-sureties knew of his act, and failed to object or consented to it. (See Blakey v. Johnson, 13th Bush; Hall, &c., v. Smith, 14th Bush; Chamberlain & Tapp v. Brewer, &c., 3 Bush.)

We cannot interfere with the verdict on account of the weight of the evidence, as it is very conflicting and sufficient to support it.

Judgment affirmed.