CASE 38—MANDAMUS—Nov. 1.

## Adair, Etc. v. Hancock Deposit Bank, Etc.

APPEAL FROM HANCOCK CIRCUIT COURT.

SHERIFF—OFFICIAL BOND—MANDAMUS.—The sheriff and his sureties are liable on the former's official bond executed pursuant to sec. 4133, to a county creditor where a levy has been made to pay the debt; and the creditor must exhaust his remedies under the bond before he will be entitled to a mandamus requiring an additional levy.

Adair, &c. v. Hancock Deposit Bank, &c.

GEORGE W. JOLLY FOR APPELLANTS.

1. Before the writ ought to have been awarded by the court, the
   plaintiffs below should have been compelled to exhaust their
   remedy against the sheriff on his bond, executed under sec.
   4133, Ky. Stats. Suit was commenced on this bond and dis-
   missed before judgment. Consequently plaintiffs do not show
   they have exhausted their legal remedies, and are for that
   reason not entitled to a writ of mandamus. High on Ex. Legal
   Rem., secs. 5, 9, 15, 16; Spelling on Ex. Relief, secs. 1369, 1370;
   Dane v. Berry, 89 Am. Dec., 729; Shine v. Ky., C. R. Co., 85 Ky.,
   177; Goheen v. Myers, 18 B. M., 427.
2. The plaintiffs do not allege that' any demand was ever made of
   the fiscal court or county court to levy another tax to pay the
   claims set up in the petition and that the motion was overruled
   or refused by the court.
3. The allowance of claims and a levy of taxes to pay the same,
   and the collection of the levy by the sheriff of the tax, is a satis-
   faction of the claims so far as the county is concerned, and if
   the sheriff fails the loss falls on the claimant and not on the
   tax-payer.
4. The judgment rendered was void because it was never pronounced
   by the court, but by the *judge* after the term had expired and is
   therefore void, and the motion to set it aside ought to have been
   sustained. Wightman v. Karsner, 20 Ala., 451; Brumbley v. State,
   20 Ark., 78; Hobart v. Hobart, 45 Iowa, 503; Lewis v. Hoboken.
   42 N. J. L., 379; Dunn v. State, 2 Ark., 229; s. c. 35 Am. Dec.,
   65; State v. Judges, 32 La. Ann., 1261; Mason v. Woerner, 18 Mo.,
   570; In Re Allison, 13 Col., 525; s. c. 16 Am. St. Rep., 224; 8
   Am. & Eng. Ency. of Law, 22.
5. Judgments or orders entered in vacation are not acts of the
   court, and are void. Johnson v. Com., 80 Ky., 377; Bennett v.
   Tierney, 78 Ky., 580.

W. S. MORRISON FOR THE APPELLEES.

1. The fiscal court, having by its orders, allowed the claims against
   the county, herein sued on, and directed their payment out of
   the county levy for the year 1894, and then failed to require
   the sheriff to give bond for the collection and disbursement
   thereof, such claims should be paid by the county ordering a
   new levy for their payment and a writ mandamus from the cir-
   cuit court is the proper remedy to compel the fiscal court to make
   the levy. Ky. Stats., secs. 1884, 3751, 4133, 4556, 4557, 4558;
   Schuff v. Pflanz, 18 Ky. Law Rep., 25; Osenton's Admr. v. Burnett,
   19 Ky. Law Rep., 610; Rodman, &c., v. Justices of Larue Co., 3

Bush, 144; Elliott County v. Kitchen, 14 Bush, 289; Anderson v. Thompson, 10 Bush, 134; Moses on Mandamus, 112; Brown v. Knox County Court, 2 Ky. Law Rep., 58.

2. The allowance of claims against a county, by the fiscal court of the county, and making a levy to pay the same and the collection of the levy by the sheriff, is not a satisfaction of such debts or claims unless they are, in that way, actually paid. The sheriff is not the agent of the claim holder.

3. The judgment of the lower court was upon the very matter in issue between the parties, was the determination of the court, and not the act of the clerk. Bennett v. Tiernay, 78 Ky., 580, and the motions of appellants to set aside and to grant a new trial of the action were properly overruled because appellants did not present a sufficient defense and did not offer to plead further. Bennett v. Tiernay, 78 Ky., 580; Hayman v. Hallem, 79 Ky., 389; Heintz v. Christian, 9 Ky. Law Rep., 107; Goodpaster v. Triplett, 13 Ky. Law Rep., 638; Seeley v. Potter, 11 Ky. Law Rep., 485; Weir v. Dickers, 11 Ky. Law Rep., 523; Crouch v. Crouch, 12 Ky. Law Rep., 940; Martin v. L. & N. R. R. Co., 12 Ky. Law Rep., 985; Cecil v. Brannin, 14 Ky. Law Rep., 923.

W. S. MORRISON AND R. A. MILLER FOR APPELLEES IN A PETITION FOR AN EXTENSION OF THE OPINION.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Hancock Circuit Court decreeing a mandamus against the fiscal court of that county to compel it to make a second levy of taxes, sufficient to pay claims held by appellees.

The fiscal court, at the October term, 1893, allowed claims against the county, payable out of the county levy for the year 1894, amounting to $6,273.20, which included those sued for, and at the April term thereof it made a levy of forty-five cents on each $100 of taxable property in the county, and $1.50 on each poll therein, to pay these claims. These lists were placed in the hands of the sheriff for collection in 1894, and were by him collected, but he failed to pay all of the claims due to appellees. Previous to the listing of these taxes with the sheriff, he appeared in the Han-

cock County Court, with the Fidelity & Deposit Company of Maryland as his surety, and executed two bonds, which are as follows:

First. "We, George C. P. Baker, sheriff of Hancock county, Kentucky, and Fidelity & Deposit Company of Maryland, his surety, jointly and severally bind ourselves to the Commonwealth of Kentucky that the said George C. P. Baker, as sheriff of Hancock county, shall well and truly discharge the duties imposed upon him as sheriff aforesaid, and shall in all things well and truly demean himself, and perform the duties of sheriff of said county. Witness our signatures this 29th day of December, 1893."

Second. "We, George C. P. Baker, sheriff of Hancock county, and Fidelity and Deposit Company of Maryland, his sureties, bind and obligate ourselves jointly and severally to the Commonwealth of Kentucky that the said George C. P. Baker, sheriff of Hancock county, shall, by himself or deputies, during the year 1894, collect, account for and pay into the Treasury of the State, and to other persons entitled thereto according to law, all taxes and public dues; also all fines, amercements and penalties directed or authorized by law to be collected or received by him in the year 1894 within the county of Hancock. Witness our signatures this 29th day of December, 1893."

On the same day the county court entered an order on its records, as follows:

"Hancock County Court, Special Term. December 29, 1893. At a county court begun and held by special appointment in and for the county of Hancock, at the court house in the city of Hawesville, December 29, 1893. Present: Hon. W. W. Taber, Presiding Judge. This day came George C. P. Baker, sheriff of Hancock county, together with Fidelity and Deposit Company

of Maryland, his surety, and executed bond to the Common-
wealth of Kentucky for the collection and proper pay-
ment of all moneys coming to his hands for the year 1894,
and for the faithful performance of all the duties of said
office, which bond was accepted and approved by the court.
Wherefore George C. P. Baker appeared in open court,
and took the oaths prescribed by law."

In February, 1896, appellees instituted an action
in the Hancock Circuit Court on both of the bonds
above set out for the recovery of the amount
of claims then held by them against Baker as
sheriff, and on motion of the defendants were required
to elect whether they would prosecute their action on one
bond or the other, and they elected to proceed upon the
second bond, in which the sheriff covenanted that he would
by himself and deputies, during the year 1894, collect, ac-
count for and pay into the treasury of the State all taxes,
public dues, etc., and they dismissed their action without
prejudice as to the other bond. That action was prose-
cuted to judgment, and it was decided that the surety
on the bond was not liable for any part of the county levy,
but personal judgment was rendered against the default-
ing sheriff for the amount sued for, on which execution
was issued, and returned "No property found."

No appeal was ever prosecuted from that judgment to
this court, and no subsequent action was ever instituted by
appellees on the bond in which Baker, as sheriff, covenant-
ed that he would well and truly discharge the duties of
his office ,etc.

Appellees then instituted this action in 1898, in
which they recited the preceding facts, and further al-
leged that the first bond set out above was not properly
executed, and was not binding upon the surety, for the

reason that it was never witnessed by the clerk or deputy clerk of Hancock county, and there was never any order made in said court approving same, nor was it ever recorded in the clerk's office. Appellants filed a general demurrer to this petition as amended, which was overruled, and thereupon filed answer, in which they rely upon all these facts, and allege that the first of the foregoing bonds was duly accepted and approved by the court, and was intended to cover all liabilities of the sheriff growing out of the collection of the county levy. A reply was filed controverting the affirmative allegations of the answer, and, over the objections of appellants, the cause submitted on the face of the papers, and judgment was rendered by the court, at the March term, 1898, awarding the writ of mandamus complained of, and at the same time rendering an opinion, in which he used the following language:

"I am of the opinion that Baker was not liable on either of the bonds executed, or attempted to be executed, for the collection of or failure to collect the county levy or failure to pay over the same. . . . The answer presents no defense. It avers the execution of the two bonds already mentioned by the court,—one the sheriff's official bond proper, prescribed by section 4556, Kentucky Statutes; the other his revenue bond, prescribed by section 4133, under the head of 'Revenue and Taxation.' . . . I feel assured that the Legislature never intended that the sureties on either of these bonds should be liable for the county levy, else it never would have, in a separate chapter and section, provided for the levy and collection and bond for the collection of the county levy. This is done in chapter 52 of the Kentucky Statutes, and particularly sections 1882-1884 of said chapter. . . . The sureties on

his bond, under section 4133, c. 108, are bound for all moneys coming to the sheriff's hands under the provisions of that chapter, and so of the bond prescribed in section 1884; and under this latter section it is not pretended any bond was ever given. Therefore I think the answer presents no defense."

The court evidently rendered judgment in this case for the sole reason that, in his opinion, the bond prescribed by section 4133 of the Kentucky Statutes was not intended to, and did not, cover moneys collected under an assessment for county levy. There was no determination by him of the issue raised by the pleadings as to the due execution of that bond. This issue seems to have been entirely lost sight of. The first bond executed by the sheriff is a substantial, if not literal, compliance with the requirements of section 4133, and it has been held by this court that the sheriff and his sureties are liable on the bond executed pursuant to that section of the statute, not only for the State revenue and district taxes, but also for the county levy of that year. (See Howard v. Commonwealth, 20 Ky. L. R., 1411,[49 S. W., 466]; Pulaski County v. Watson, [50 S. W., 861]; Catron v. Commonwealth, [52 S. W., 929].)

It is not apparent, from anything that appears in this record, that the bond executed by Baker as sheriff, pursuant to section 4133 of the Kentucky Statutes, is not a binding and enforceable obligation both against him and his surety. Mandamus is an extraordinary remedy, applicable only to cases where the usual and customary modes of procedure are powerless to afford relief. Appellee should have been required to have exhausted its remedy against the sheriff on the bond executed under the provisions of section 4133 of the Kentucky Statutes.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.