## Leslie County, et al. v. Maggard, et al.

(Decided January 12, 1926.)

### Appeal from Leslie Circuit Court.

1. Sheriffs and Constables—Bonds Given by Sheriff at Beginning of Term Cover Whole Term.—Bonds given by sheriff at beginning of term cover whole term, and annual renewal bonds are merely additional security.

2. Taxation—State Revenue Bond Binds Sheriff and Sureties for Collection and Payment of County Levy.—State revenue bond, provided for by Ky. Stats., section 4133, also binds sheriff and his sureties for collection and payment of county levy.

3. Officers—Sureties Must Make Good Principal's Official Defaults, and May Plead Anything he May Plead in Denial of Liability.—Sureties on public officer's bond for faithful performance of duties undertake to make good principal's official defaults, and may plead anything which officer might plead in denial of liability on bond.

4. Contracts—Laws in Force When and Where Contract was Made are Part of it.—Laws in force when and where contract is made are part of it.

5. Contracts—Purpose Rather than Name Given Contract by Parties Determines Real Character.—In determining real character of contract, courts look to its purpose rather than name given it by parties.

6. Taxation—County Court Cannot Take Separate Bond from Sheriff for State Revenue Only.—County court cannot take separate bond from sheriff for state revenue only, under Ky. Stats., section 4133.

7. Contracts—Construction of Contract so as to be Lawful and Proper Preferred.—Construction of written contract so as to be lawful and proper will be preferred to one that would make it unwarranted.

8. Taxation—Effect of Sheriff's Bond Must be as Provided by Statute, so as to Cover Both State and County Revenue.—Effect of sheriff's bond, literally following words of Ky. Stats., section 4133, pursuant to which taken by county court, must be as provided by such statute, so as to cover county levy as well as state revenue.

9. Witnesses—Sheriff and Sureties Cannot Testify as to Anything Said or Done Between Them and County Judge, Since Deceased in Suit on Sheriff's Bond.—Where county judge who took sheriff's bond was dead, sheriff and his sureties could not testify for themselves in suit on bond, nor for co-defendants, where defense of all sureties was same, as to anything said or done between them and such judge.

10. Taxation—Sureties on Valid Sheriff's Bonds Bound for County Levy Though County Levy Bond was Invalid.—Though sheriff's county levy bond, not signed by persons whose names appear therein as sureties, is not binding on them, they are bound for county levy on other valid bonds signed by them.

11. Taxation—Commonwealth Not Affected by Anything Said or Done by County Clerk Writing Bond and Taking Sureties' Signatures.—County clerk, in writing sheriff's bond and taking sureties' signatures, acts simply for their accommodation and discharges no duty to Commonwealth, which is not affected by anything he said or did, and county court acts only on paper presented to it.

12. Appeal and Error—Validity of Sheriff's Revenue Bond Not Considered, in View of Remand for New Trial and Holding as to Liability of Sureties on Previous Bonds.—Whether sheriff's revenue bond is invalid because not signed by all sureties whose names appear therein will not be considered, where cause is remanded for new trial, on which evidence may be different, and parties not signing are liable on previous bonds.

M. C. BEGLEY, WILL C. HOSKINS, L. D. LEWIS and T. G. LEWIS for appellants.

J. M. BICKNELL and J. M. MUNCY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

William Jess Maggard was duly elected sheriff of Leslie county in November, 1921. He executed the required bonds and qualified. Upon a settlement of his accounts with the fiscal court for the county levy for the year 1924 he fell indebted to the county $15,875.39. This

action was brought by the county against Maggard and his sureties in his county levy bond for 1924. By an amended petition the plaintiff alleged that Maggard, in addition to the bond mentioned in the original petition, had executed on March 1, 1924, the bond provided by section 4133, Kentucky Statutes, commonly known as the sheriff's revenue bond, and sought a recovery on it against the sureties therein. The sureties in the county levy bond filed an answer, pleading in substance, that when they signed the bond the names of ten sureties were set out therein and that of these ten only five signed the bond; that when they signed it it was agreed between them and the county judge that they would sign the bond provided all the said ten named persons would sign it, and they refused to sign otherwise; that without their knowledge or consent the county judge accepted the bond when it had been signed by only five of the persons named in it. As to the state revenue bond sued on in the amended petition they pleaded that when they signed the bond the names of William Roberts and J. K. Hendricks were written in the body of the bond as sureties, but that Roberts and Hendricks did not sign, and afterwards the names of Jeff Bowling and E. L. Hoskins were written in the body of the bond and these men signed it; all with-out their knowledge or consent and in violation of their agreement with the county judge that the bond was not to be binding until it was signed by all the men named in it. They also pleaded that the bond relied on in the amended petition was accepted simply as a bond for the state revenue, and did not cover the county levy. There-upon the plaintiff amended its petition and alleged that Maggard, as sheriff, when he qualified in 1922, executed with the same sureties the county levy bond and the state revenue bond and that he renewed these bonds in 1923 with the same sureties, and judgment was prayed on these bonds against the sureties therein for the money due the county on the county levy for 1924. On motion of the defendants the second amended petition was stricken out, and proof being taken on the petition and first amended petition the circuit court dismissed the action. The county appeals.

It has been held by this court in a long line of decisions that bonds given by the sheriff at the beginning of his term cover his whole term and that the renewal bonds executed annually are merely additional security. Schuff v. Pflanz, 99 Ky. 97; Fidel. & Dep. Co. v. Com., 104 Ky.

579; Renshaw v. Cook, 129 Ky. 347; Burton v. Bonding Co., 182 Ky. 637; Gay v. Board of Education, 205 Ky. 277.

It has also been often held that the bond, known as the state revenue bond, which is provided for by section 4133, Kentucky Statute, binds the sheriff and his sureties for the collection and payment of the county levy no less than the state revenue. Howard v. Com., 105 Ky. 604; Pulaski Co. v. Watson, 106 Ky. 500; Adair v. Bank, 107 Ky. 212.

It is earnestly insisted that this rule does not apply here for the reason that the county court accepted the bonds simply as a bond for the state revenue. The order accepting the bond and the bond for the year 1924 are in these words:

"This day came William Jess Maggard, sheriff of Leslie county, and in open court produced his quietus for the state revenue for the year 1923.

"Thereupon said William Jess Maggard, as sheriff aforesaid, with J. L. Maggard, Mat Baker, Sam Langdon, W. P. Eversole, G. G. Maggard, H. Y. Baker, Wm. Hoskins, Chas. Roberts and Jeff Bowling, E. L. Hoskins, his sureties executing to the Commonwealth of Kentucky a bond for the collection and payment of the state revenue for the year of 1924, which bond is in words and figures as follows:

### Sheriff's Bond for State Revenue

"We, William Jess Maggard, sheriff of Leslie county, and J. L. Maggard, Mat Baker, Sam Langdon, W. P. Eversole, G. G. Maggard, H. Y. Baker, Wm. Hoskins, Chas. Roberts and Jeff Bowling, E. L. Hoskins, his sureties, bind and obligate ourselves, jointly and severally, to the Commonwealth of Kentucky in the penal sum of seventy-five thousand ($75,000.00) dollars, that the said William Jess Maggard, sheriff, shall faithfully perform his duties.

"Witness our signatures this 1st day of March, 1924.

"William Jess Maggard      J. L. Maggard
Same Langdon               H. Y. Baker
Matt Baker                 Wm. Hoskins
W. P. Eversole             Jeff Bowling
G. G. Maggard              E. L. Hoskins
Charles Roberts

"Which bond was executed in duplicate, conditioned according to law, and approved by the court one of which was ordered to be filed and recorded in the office of the county court clerk, and the other to be transmitted to the auditor of public accounts."

Sections 4130, 4133 and 4134 provide as follows:

"The sheriff or collector shall, on or before the first day of March next succeeding his election, and on or before the said day annually thereafter, enter into bonds with surety for the faithful performance of his duties. Section 4130.

"The bond of the sheriff or collector shall be, in substance, as follows: We, A. B. (sheriff or collector, as the case may be), and C I and E. F, his sureties, bind and obligate ourselves, jointly and severally, to the Commonwealth of Kentucky, that the said A B (sheriff or collector, as the case may be) shall faithfully perform his duties.

"Witness our signature this................or...............
The bond shall be executed in duplicate, one of which shall be filed and recorded in the county clerk's office, and the other shall be sent to the auditor of public accounts and filed in his office. Section 4133.

"The county court may require the sheriff to give an additional bond or bonds, with good surety, to be approved by the county court whenever it may deem the interest of the state, or county demands; and the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the term in which said bond may be executed, whether the liability accrues before or after the execution of such bond or bonds." Section 4134.

It will be observed that the bond is in the words of the statute, and that the covenant of the bond is simply that the sheriff shall faithfully perform his duties. The state revenue is not mentioned in the bond. It has become common to call this the revenue bond from the fact that at the head of section 4133 in the Kentucky Statutes are these words: "Sheriff's rev. bond;" but these words are not in the statute. It will also be observed that by section 4134 all the bonds executed by the sheriff shall be jointly and severally liable for any default of his during

the term in which the bond is executed.  The orders accepting the bonds for 1922 and 1923 are practically the same.

The bonds are in the same words and both of these bonds were signed by William Roberts and J. K. Hendricks.  So there is no objection to either of these bonds on the ground that all of the sureties did not sign.  The same ten men signed the bonds for 1922 and 1923.  Two of them did not sign the revenue bond for 1924 and five of them did not sign the county levy bond for 1924.

The rule as to what is the effect of the covenant in an officer's bond that he will faithfully perform the duties of his office, is thus stated in 22 R. C. L. 496:

> "Public officers frequently are required to give bonds for the faithful performance of the duties pertaining to their offices.  The engagement of a surety executing such a bond rests on the same legal obligation as is by law imposed on the public officer himself.  Whatever is a breach of the conditions of the bonds as regards the principal is equally so as to the sureties, and the latter may plead anything which the officer might plead in his denial of liability on the bond.  An official bond is in effect a contract between the officer and the government that such officer will faithfully discharge the duties of his office.  The undertaking of the sureties is to make good the official defaults of their principal."

It was the duty of the sheriff to collect the county levy as well as the state revenue.  The rule is elementary that the laws in force when and where the contract is made form a part of it.  Collins v. Collins, 79 Ky. 92.  The language of the bonds is free from ambiguity and necessarily binds the signers for the collection of the county levy.  The bond is in fact a bond for the faithful discharge of the duties of the officer, although it is commonly called the state revenue bond for want of a better name.  The fact that the court in its orders designated each of these bonds as "a bond for the collection and payment of the state revenue" is entirely immaterial, for the name given the paper in no wise affects its obligation.  The rule on this subject is stated in 6 R. C. L., p. 836:

> "In determining the real character of a contract courts will always look to its purpose, rather

than to the name given it by the parties. Calling a contract a lease or a sale will not make it a lease or sale. It may be said, therefore, that the proper construction of a contract is not dependent upon any name given it by the parties, or upon any one provision, but upon the entire body of the contract and its legal effect as a whole.''

The rule has been often recognized by this court. In Hurst v. Winchester Bank, 154 Ky. 363, the court said:

"We may also observe that in coming to this conclusion we have kept in mind the well-settled rule that a court, when it comes to construe a writing, is not to be controlled altogether by the name that the parties have given it, but will look to the paper and determine for itself the nature and quality of the writing.''

The fact is the county court was without authority to take a bond from the sheriff other than as provided in the statute. He was not authorized to take a separate bond for only the state revenue. If the effect of this order was to limit the liability of the sureties only to the state revenue, he failed to do his duty for it was not his duty to take such a bond, and the sheriff had failed to properly qualify. But the rule is well settled that where a written contract can be construed so as to be lawful and proper, such a construction will be preferred to one that would make the contract unwarranted. Berry v. Frisbe, 120 Ky. 337. Under this rule the county court having, pursuant to the statute, taken a bond following literally the words of the statute, the effect of the bond must be as provided by the statute. It necessarily follows that the court erred in striking out the second amended petition and in holding that the sureties in the revenue bonds were not liable for the county levy.

The county judge being dead no one of the defendants is qualified to testify for himself as to anything said or done between him and the county judge, and as the defense of all the sureties is the same no one of the defendants can testify for the others as to what the county judge said to him, or what he said to the county judge. The plaintiffs' exceptions to this testimony should have been sustained. Gernhart v. Straeffer's Exor., 172 Ky. 823.

It has been held by this court in a long line of opinions that if the bond, when presented to the county judge, shows on its face that it is incomplete, that is, if certain names appear on the bond as sureties and these persons have not signed the bond, the county court is not warranted to accept the incomplete paper, and the sureties whose names appear to the bond are not bound. Chamberlin & Tapp v. Brewer, 3 Bush 570; Fletcher v. Leight, Barret & Co., 4 Bush 303; Hall v. Smith, 14 Bush 604; Bracken Co. Commissioners v. Daum, 80 Ky. 388. But although the county levy bond for 1924 was invalid the sureties signing other valid bonds are bound on the valid bonds for the county levy.

The county clerk in writing the bond and taking the signature of the sureties thereon acted simply for their accommodation. In so doing he discharged no duty he owed the commonwealth and the commonwealth is not affected by anything he said or did. The county court acts upon the paper that is presented to it. The court does not now pass on the question whether the revenue bond for 1924 was valid or not, for on another trial the evidence may be different, and in view of the above holding of the court as to the liability of the same parties on the previous bonds this question may not be so material on the return of the case.

Judgment reversed and cause remanded for further proceedings consistent herewith.