## Leslie County, et al. v. Eversole, et al.

### Same v. Asher.

(Decided January 31, 1928.)

### Appeals from Leslie Circuit Court.

1. Judges.—Under Kentucky Stats., sec. 1060, failure of county judge to sign order approving sheriff's bond does not make it void, but order may be signed afterwards by successor of judge who made

order, and, on being signed, order takes effect from time it was originally made.

2. Sheriffs and Constables.—It is duty of county court to cause sheriff to annually renew his general official bond required by Kentucky Stats., secs. 4556, 4557, and sheriff's office is vacated on his failure to renew it, but office is not forfeited, unless court requires bond to be renewed.

3. Sheriffs and Constables.—Annual renewal of bond required of sheriff by Kentucky Stats., sec. 4130, was timely, where executed on March 1.

4. Sheriffs and Constables.—Where order approving sheriff's bond was not signed by county judge until after sheriff's term had expired, held that, under Kentucky Stats., sec. 1060, subsequent signing of order made bond effective from date of original order.

5. Sheriffs and Constables.—Notwithstanding Kentucky Stats., sec. 4559, and Criminal Code of Practice, sec. 80, forbidding his being surety, clerk of circuit court signing sheriff's bond is bound thereby.

M. C. BEGLEY, T. G. LEWIS, L. D. LEWIS and J. M. BAKER for appellants.

J. M. BICKNELL and J. H. ASHER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

W. J. Maggard was sheriff of Leslie county for the term beginning in January, 1922. He failed to pay over certain money due the county. The first two above actions were brought against him and his sureties to recover this money. One phase of this controversy was before the court in Leslie County v. Maggard, 212 Ky. 354, 279 S. W. 335. After that decision was rendered and the return of the case to the circuit court, the sureties presented this defense: After his election in November, 1921, Maggard, on December 27, 1921, executed his official bonds in the county court, provided for by section 4556 and section 4130, Kentucky Statutes, and an order was duly entered approving the bonds, but the county judge failed to sign the order. The record remained unsigned until September 20, 1926, which was after Maggard's term had expired, and it was then signed by the county judge. It was the same judge who had taken the bond, but he had not been county judge continuously since 1921. Maggard did not renew, or attempt to renew, his bond provided for by section 4130, Kentucky Statutes, on the 27th day of December, 1922, but did execute the bond on

the first day of March, 1923. The circuit court on these facts dismissed the plaintiff's petition. The plaintiffs appeal.

At the time the county judge signed the order book on September 20, 1926, the county judge entered this order on the order book:

> "It appearing to the satisfaction of the court that a special term of the Leslie county court was held in Hyden, Ky., on December 27, 1921, and that various orders were made and entered of record at said special term, and that by oversight the regular judge who presided over said special term of said court at said time failed to sign the adjourning order, comes now the present regular judge of said court, and signs said orders as a successor to the then presiding judge of said court."

J. H. Asher appealed from this order to the circuit court, and on the hearing in the circuit court it was adjudged that the order was of no force and effect, and it was set aside. The second appeal is from this order. Section 1060, Kentucky Statutes, provides:

> "The judge shall cause all orders and judgments of the county court to be spread by the county clerk upon the record-book to be kept for that purpose. The records shall show the day upon which the court was held, and by whom, and shall be signed by the county judge, or the special judge who presided when the record was made; and if the regular judge should, for any cause, fail to sign the records, they may be signed by his successor; and if the special judge should, for any cause, fail to sign the records made by him, they may be signed by the regular judge."

Under this statute it has been held that failure of the county judge to sign an order calling a local option election or sign the order approving the sheriff's bond does not make it void, but that the order may be signed afterwards, or by a successor of the judge who made the order, and that the order, when signed, takes effect from the time that it was originally made. May v. Duncan, 157 Ky. 586, 163 S. W. 1089; U. S. Fidelity Co. v. Salyer, 131 Ky. 527, 115 S. W. 767. The same ruling was made as to an inquest of lunacy. Central State Hospital v.

Foley, 171 Ky. 616, 188 S. W. 752; Anderson's Committee v. Anderson, 161 Ky. 18, 170 S. W. 213. The same rule has been followed in a number of other cases. Union Gas, etc., Co. v. Indian, etc., Petroleum Co., 203 Ky. 521, 263 S. W. 1, and cases cited. The circuit court therefore erred in holding the order of the county judge of September 20, 1926, unauthorized.

Sections 4130, 4131, Ky. Stats., provide:

"The sheriff or collector shall, on or before the first day of March next succeeding his election, and on or before the said day annually thereafter, enter into bonds with surety for the faithful performance of his duties.

"He may execute bond at any time after he receives his certificate of election up to and including the first day of March succeeding his election, and it shall be the duty of the judge of the county court to hold a court at any time the sheriff may request for that purpose."

Sections 4556, 4557, further provide:

"He shall, also, on or before the first Monday in January next succeeding his election, give bond to the commonwealth in substance as follows. . . .

"It shall be the duty of the county court to cause the sheriff, annually to renew his bond, required by this chapter, and oftener, if the court may deem proper; and upon his failure to do so, the court shall enter up an order suspending him from acting until he gives said bond, or the court may vacate his office."

The bond provided for by section 4556 is usually called the sheriff's general official bond. The sheriff is not absolutely required to renew annually this bond, but it is the duty of the county court to cause him annually to renew the bond, and, upon his failure to renew it when required by the court, the office is vacated. But, unless the court requires this bond to be renewed, the sheriff does not forfeit his office under the statute.

The bond required by section 4130 must be renewed annually; it must be executed on or before the 1st day of March next succeeding the sheriff's election, and must be renewed annually thereafter on or before the said day; that is, the first day of March. The sheriff here did renew this bond annually on or before the 1st day of March.

The present statute is not the same as the statute before the court in Com. v. Yarbrough, 84 Ky. 496, 2 S. W. 68, 8 Ky. Law Rep. 483. The statute then in force required the bond to be executed on or before the first Monday in January. The bond sued on in that case was executed after the first Monday in January. The statute then read that he must renew his bond annually thereafter; that is, annually after the date the first bond was given. The statute now reads that he must renew the bond annually on or before the said day, which is the 1st day of March. Under the present statute, the renewal bond may be executed annually on or before the 1st day of March. The renewal bond, executed on March 1, was therefore executed in time.

The circuit court seems to have proceeded upon the idea that, when the county judge signed the order, it only made it valid from the time of his signature. But that is not the purpose of the statute. The purpose of the statute is to validate the proceedings. Maggard served his whole four years as sheriff. He exercised the office; everybody presuming that he had regularly qualified. After he failed to pay over the money he had collected, it was discovered that the county judge had not signed the order qualifying him. There can be no possible distinction between this case and those above cited. The validity of the local option election depended upon the order of the county judge calling it. This order was the basis of the proceeding. Without it, the proceeding was void. The county judge signed the order after the election was held, and the election was sustained. The same is true of an inquest of lunacy. The judgment is the basis of all the subsequent proceedings, and the same rule was applied where the county judge had failed to sign an order approving the sheriff's bond. See cases cited above.

The facts found to be true by the circuit court do not warrant the judgment. The circuit court has not passed upon the amount due, and the court is unwilling now to pass on this question in the present condition of the record, as to do so might do injustice. For it appears that a part of the money sued for, which was charged to Maggard in the settlement, was embraced in a judgment which was afterwards reversed, and not all collected. On the return of the case to the circuit court that court will

proceed to ascertain the amount due by the sheriff and enter judgment accordingly. All other questions are concluded by the opinion on the former appeal, except the liability of J. H. Asher, who was clerk of the circuit court when he signed the bond, and insists he was not bound thereby by reason of this fact.

Section 4559, Kentucky Statutes, provides:

"No person who is a jailer, coroner, judge or clerk of a county or circuit court, or attorney-at-law,. shall be received as surety for a sheriff in his official bond; nor shall the jailer or sheriff or any of his deputies, or any county court judge, clerk or attorney-at-law be surety for a coroner in his official bond; nor shall any sheriff, coroner or any of the persons aforesaid be surety for the jailer in his official bond."

Section 80 of the Criminal Code provides:

• "No officer shall take as bail any attorney-at-law, sheriff or deputy sheriff, judge, clerk or deputy clerk, or master commissioner, of the court in which the defendant is held to appear."

It is settled under this section that, if any of the persons named become surety in a bail bond, he is bound on it. Holandsworth v. Commonwealth, 11 Bush, 617. Every reason for the rule applies equally to officials who sign a sheriff's bond.

Judgment reversed and cause remanded for further proceedings consistent herewith.