## Leslie County et al. v. Maggard et al.

(Decided January 29, 1929.)

T. G. & L. D. LEWIS, J. M. BAKER and M. C. BEGLEY for appellants.

J. M. MUNCY for appellee Maggard.

J. H. ASHER, pro se.

J. M. BICKNELL for Dowling, Baker and Hoskins.

584

Opinion of the Court by Commissioner Hobson— Reversing.

W. J. Maggard and his sureties were sued by Leslie county and certain subdivisions of the county to recover an alleged balance due by him as sheriff. On the first trial of the case judgment was entered in favor of the defendants. The plaintiffs appealed, and on the appeal the judgment was reversed. Leslie County v. Maggard, 212 Ky. 354, 279 S. W. 335. On the return of the case to the circuit court the defendants presented as a defense the failure of the county judge to sign the order approving the sheriff's bond. The circuit court sustained this defense and dismissed the petition. The judgment was again reversed. Leslie County v. Eversole, 222 Ky. 793, 2 S. W. (2d) 644. On the return of the case to the circuit court the defendants went before the Leslie fiscal court and procured that court to make a settlement with them for $4,500. The county judge then entered an order in the county court directing the county attorney to appeal from this order of the fiscal court. The order of the fiscal court recites facts showing that $4,500 was all that the sheriff owed. The order of the county court recites facts showing that the fiscal cout was mistaken, and that Maggard was not entitled to as large a credit as they gave him by about $4,000. When the appeal from the order of the fiscal court reached the circuit court, it was consolidated with the action against the sheriff and his sureties. No pleading was filed, and the circuit court dismissed the action and entered judgment against them for $4,500. From this judgment the county, for the third time, appeals.

By section 978, Kentucky Statutes, an appeal may be taken from all orders and judgments of the fiscal court, and by section 127 Kentucky Statutes, it is the duty of the county attorney, when so directed by the county or fiscal court, to institute and conduct proceedings before any of the courts of the state. But the order in question was simply a contract between the fiscal court and the sureties in the sheriff's bond. It was not a judgment of the court from which an appeal could be taken within the meaning of section 978, Kentucky Statutes. The circuit court should have dismissed the appeal without prejudice, as it was a case not provided for by the statute.

The only way by which the settlement made in the fiscal court could properly be presented in the circuit court was by an amended answer setting up this defense. No such pleading being filed, the circuit court could not consider this matter at all; for by section 114 of the Civil Code parties must before trial, form a material issue concerning each cause of controversy, and it is the duty of the court upon or without motion to compel them to do so, and by section 386 judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him. In this case there was no pleading warranting the judgment entered by the court.

On the return of the case to the circuit court the defendants will be allowed to file amended answers pleading the contract made in the fiscal court. The plaintiffs will then be allowed to file a reply pleading any facts showing that the settlement was made by mistake or obtained by fraud, or was made by the fiscal court under a misunderstanding of the facts. When the issues are made up, the court will hear the proof and determine whether the settlement should be upheld or set aside. As the decision of this case has been so long delayed, on the return of the case to the circuit court, when the issues are made up, the court will enter an order requiring both parties to take all the proof they desire, within a time fixed in the order, and also providing for the final hearing of the cause at the next term of the court.

In Shipp v. Rodes, 219 Ky. 349, 293 S. W. 543, it was held that the fiscal court had authority to settle in good faith a controversy with the sheriff as to the amount due by him to the county. In that case it was also held that, if the fiscal court did not act in good faith, or did not exercise a reasonable judgment in entering into the compromise agreement, believing that it was acting for the best interest of the county, the compromise was invalid. So also, if the fiscal court was imposed on, or the compromise agreement was the result of mistake on its part, the rule applicable in other cases of settlement applies, and the compromise should not be enforced, but set aside. On the return of the case to the circuit court in finally settling the issues, the court will be governed by these principles.

The order of the fiscal court only fixed the amount the defendants should pay; nothing had been paid; and no judgment for costs should have been rendered against

the county in their favor. After the return of the case from this court on the second appeal, John H. Asher, one of the sureties, filed an amended answer and cross-petition against Jeff Bowling, H. Y. Baker, and Lige Hoskins, who had signed the bond known as the sheriff's revenue bond for the year 1924. On final hearing the circuit court held that the former judgment of the circuit court, rendered November 12, 1925, declaring this bond to be invalid, was in full force and effect, and for that reason the cross-petition was dismissed. But the judgment of November 12, 1925, is the judgment from which the first appeal to this court was taken. A large part of that opinion is devoted to showing that this bond was valid. The opinion concludes with these words:

"The court does not now pass on the question whether the revenue bond for 1924 was valid or not, for on another trial the evidence may be different, and in view of the above holding of the court as to the liability of the same parties on the previous bonds this question may not be so material on the return of the case." Leslie County v. Maggard, 212 Ky. 361, 279 S. W. 338.

The entire judgment was reversed which had held the bond invalid. The court then did not pass finally on the validity of the bond, for the evidence had not been heard on certain questions, and it left these questions open. But the entire judgment of the circuit court was reversed, and the case was sent back for a new trial and proceedings consistent with the opinion.

Though the plaintiff did not sue these sureties, still Asher, being one of the sureties sued, might sue them by cross-petition to make them pay their part of the debt and thus reduce the amount he would have to pay.

The circuit court therefore erred in dismissing the cross-petition of John H. Asher. The validity of the bond referred to on the grounds relied on in the first appeal is settled by that opinion. But, if any other grounds of invalidity are shown, these may be considered by the court. The judgment on the whole case is reversed, and the cause is remanded for further proceedings as though no judgment had been entered heretofore in these cases, and for further proceedings consistent with this opinion.