# Young et al. v. Dunn.

May 3, 1946.

Leebern Allen for appellants.

Williams & Allen for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On May 15, 1934, E. C. Miller owned a tract of land containing 400 acres, more or less, in Wolfe County, Kentucky. On that date he executed an oil and gas lease to appellant, L. C. Young, whereby lessee was given the privilege of exploring the land and taking therefrom oil and gas, if found in paying quantities, for a period of ten years and so long thereafter as either of the minerals were produced in paying quantities. There were stipulations in the lease as to when a well should be commenced and when completed in order to keep the lease alive under its terms, all of which were complied with by the lessee and his assignees, except in the respect hereinafter stated.

The lessee, L. C. Young, within the time prescribed in the lease commenced and completed a paying gas well which, under the terms of the lease, sufficed to pay future rentals and preserved the life of the lease for a stipulated period in the future. The lease also contained this provision:

"It is understood and agreed by and between the parties hereto that in the event a productive well is found on said premises and there is no satisfactory market available for the delivery and sale of the product of such well, on the leased premises, the Lessee shall be

deemed to have complied with all rentals and/or royalty requirements hereof during the time such market is unavailable.''

At that time the nearest common carrier pipeline of gas, through and by which it might be marketed, was 19 miles from the completed well. However, there was then a private pipeline some four miles away, and the lessee endeavored to negotiate a contract with the owner of it by which the gas so found on the lease might be marketed, there being no local market therefor. But his negotiations were unsuccessful because the owner of the pipeline then contemplated taking it up and moving it to another location, which was done. Therefore, the lessee, defendant below and appellant here, sealed the gas well until a feasible and practical method of marketing the gas therefrom could be provided.

On October 6, 1939, H. C. Miller and wife conveyed the leased land, as well as his interest in the lease, to appellee, as alleged by her in her petition, and on October 6, 1942, the lessee, L. C. Young, sold and transferred his lease to appellants, and defendants below, W. S. Scott and W. R. Taylor, a partnership located in Pittsburgh, Pennsylvania, and engaged in the development of oil and gas leases. The assignees in May, 1943, drilled a second well which also was a producing one, but the facilities for marketing the gas were the same when it was completed as they were when the first one was completed. The assignees, together, with their assignor, Young, had drilled and were drilling other producing wells upon adjacent premises where they had procured similar rights, with the intention and purpose to obtain producing and paying wells within a limited area sufficient to justify the building of a pipeline along the 19-mile distance to a commercial pipeline, whereby the gas from the wells within that area could be marketed.

This action was filed by appellee, and plaintiff below, in the Wolfe circuit court against appellants, on August 12, 1943, just three months following the completion of the second producing well by the assignees of the original lessee. She alleged in her petition the above facts and then averred that the failure to market the gas up to the time of the filing of the action constituted an abandonment of the lease, and she prayed for judgment

forfeiting it, and damages of $2,000 which she estimated she was entitled to as rental up to that time.

Defendants demurred to the petition, but the court never acted on it. They then filed their answer setting out the facts hereinbefore recited, but denied that they constituted an abandonment of the lease, and also denied plaintiff's right to a forfeiture thereof. They affirmatively pleaded the inserted excerpt from the lease supra as a defense to plaintiff's action. No demurrer was filed to that answer nor was any reply made to it. Plaintiff then took the depositions of herself and one other witness, while defendant took the depositions of Young, and that of the present manager for his assignees, following which the cause was submitted to the court and it adjudged a forfeiture of the lease and rendered a judgment for $2,000 in favor of plaintiff, to reverse which defendants prosecute this appeal.

The uncontradicted evidence sustained an averment in defendant's answer that no demand, notice or request was ever made by plaintiff, or anyone in her behalf, or by Mr. Miller in his lifetime—he having died shortly after conveying the land to plaintiff—to procure marketing facilities for the two wells that had been drilled within that time, or that a forfeiture would be insisted upon if such demand was not complied with.

Plaintiff testified that she lived in the vicinity of the leased land. It is not shown whether she was related to the original lessor or not, but there are intimations in the record that she was. At any rate it can scarcely be conceived that the second well was commenced and completed without her knowledge, although she testified that she knew nothing of its having been drilled. It was also uncontradictedly shown that a relative of Miller—and who owned some sort of right of occupancy on some portion of the leased land—not only possessed knowledge of the drilling of the second well, but actually assisted in selecting the location on the leased area where it was drilled.

Appellees' counsel cite a long list of domestic cases in support of plaintiff's right to the relief she sought and which the court granted, but when examined it will be found that in each and every one of them plaintiff had first matured her right to maintain such an action by making demand or giving notice to the lessee of the

lessor's intention to insist upon an abandonment of the lease and a forfeiture thereof.

The pioneer case whereby the right was given the lessor to forfeit the lease, because of undue delay in development, is Monarch Oil, Gas and Coal Co. v. Richardson, 124 Ky. 602, 99 S. W. 668. The plaintiff (lessor) in that case alleged and proved the necessary delay to create the right in the lessor to forfeit the lease, but failed to allege that he had made demand and given notice to his lessee for completion of development and his consequent deprivation of royalty. For such omission the judgment appealed from, forfeiting the lease, was reversed. Following cases requiring such precedent demand or notice are to the same effect with none to the contrary, unless perhaps there existed some fact dispensing with that requirement. Two of such later cases are: Warren Oil and Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698, and Swiss Oil Corp. v. Howell, 199 Ky. 763, 251 S. W. 1007.

The uncontradicted proof shows that the sinking of the two wells upon the leased premises, plus expenses incurred in endeavors made to market the gas, amounted to as much as $10,000, and that it would cost at least $100,000 to construct a pipeline to the nearest commercial common carrier line, by which the gas from the two drilled wells could be marketed.

In the case of Pennagrade Oil and Gas Co. v. Martin, 211 Ky. 137, 277 S. W. 302, the question of delay in marketing gas was involved. The delay was from two and a half to three years after the finishing of the sealed well pursuant to the terms of the lease. We held that such delay, under the facts therein shown, did not constitute an abandonment of the lease. Here the delay in marketing the gas, up to the time of the drilling of the second well, was considerably longer than that in the Martin case; but the second well was drilled, as we have seen, with the acquiescence and the undoubted knowledge and permission of plaintiff, Miller as lessor, notwithstanding she denied such knowledge. But, even should we accept her most incredible statement that she was without such knowledge, she admits that she never demanded, or in any manner requested the lessee, or his assigns, to take any step whatever, to provide marketing facilities, or to suffer a forfeiture if the request was not

complied with. Therefore, plaintiff not only failed to allege a cause of action in her favor, but likewise failed to prove one.

Having failed to establish her right to a forfeiture because of any omission on the part of defendants, she was likewise not entitled to the forfeiting judgment of the court, or to the one in her favor of $2,000, or any sum, against the defendants.

Wherefore, the judgment is reversed with directions to set it aside, and to dismiss the petition.