## CARTER OIL CO. v SAMUELS.

No. 24223.   Nov. 9, 1937.

James A. Veasey, L. G. Owen, Forrest M. Darrough, and Anglin & Stevenson, for plaintiff in error.

W. W. Pryor and Hugh M. Sandlin, for defendant in error.

HURST, J. · This is an action to recover damages for the breach of an implied covenant in an oil and gas lease to protect the premises from drainage by offset wells. The lease was on a Producers 88 form and was executed on March 15, 1920, for a primary term of ten years and was subsequently assigned to the Carter Oil Company, the defendant below. Plaintiff is the owner of an undivided 1/16th interest in the mineral rights which he acquired from the lessors subsequent to the execution of the lease.

The lease provided for the payment of yearly delay rentals "to the lessor, or to the lessor's credit in the American National Bank at Holdenville, Okla., or its successors, which shall continue as the depository regardless of changes in the ownership of said land." In 1927, two wells were drilled on another lease owned by the defendant offsetting plaintiff's land to the south. One of these wells was a dry hole and the other was a producer. In 1929, a producing gas well was drilled which offset plaintiff's land to the west. There were various other wells drilled on leases surrounding the land in question, but apparently the one complained of in this litigation as causing the drainage was the offset well to the south. In the year 1929, defendant drilled two wells on the land in which plaintiff was interested, but not offsetting the well to the south, and neither produced oil or gas in paying quantities.

In February, 1928, defendant deposited $5 in the American National Bank at Holdenville to the credit of plaintiff as his proportionate share of the yearly delay rental becoming due on March 15, 1928. In August of that year, plaintiff wrote a letter to defendant stating that "this letter is to notify you to drill a well or pay offset money". Again in February, 1929, the defendant deposited $5 in the bank to the credit of plaintiff as payment of delay rental coming due on March 15, 1929. Plaintiff thereafter filed this suit, but did not make the other owners of the mineral rights either parties plaintiff or defendant. The case was tried to a jury and judgment rendered in favor of plaintiff, from which defendant brings this appeal.

The following grounds are urged for reversal: (1) Defect of parties plaintiff; (2) plaintiff failed to prove breach of implied covenant to protect against drainage; and (3) the evidence is insufficient to show plaintiff's right to recovery.

Under the third ground for reversal, the defendant contends, among other things, that the payment of delay rentals and their acceptance by plaintiff bars his recovery. Plaintiff admits that "had plaintiff accepted the delay rentals, of course, he would have been precluded from recovery in this case," but it is contended that plaintiff testified that he did not "accept" them.

It has been held by this court that if the lessor accepts the payment of delay rentals, with knowledge that oil or gas is being drained from his premises at the time the payment is made, he waives his right to complain of the drainage during the time covered by such payment. Eastern Oil Co. v. Beatty (1918) 71 Okla. 275, 177 P. 104. Whether the lessor "accepted" the payment of delay rentals is a conclusion dependent upon both law and fact. The test for what constitutes payment and acceptance in these circumstances is a question of law. Where it is stipulated in the lease that the lessee may make payment by deposit in a specified bank to the credit of the lessor, the acceptance of such payment is implied by this agreement when the deposit is made pursuant to the stipulation. If the lessor does not wish to accept the delay rentals, it is his duty to give notice to the lessee, before the rental becomes due, that it will not be accepted. McNutt v. Whitney (1921 Ky.) 232 S. W. 386. It has even been held that a notice to the bank to refuse to accept the rental prior to the time when the delay

rental is due is not sufficient. Satterfield v. Callaway (1921 Ky.) 234 S. W. 448. Nor can the lessor avoid the effect of payment to the bank pursuant to the terms of the lease by refusing to withdraw the sum from the bank. When so paid, the fund becomes the property of the lessor. Kachelmacher v. Laird (1915 Ohio) 110 N. E. 933.

The essential facts regarding payment and acceptance of delay rentals according to this test are undisputed. Plaintiff does not deny that payments of proper amounts were thus made in due time for each year after the drilling of the offset well until the termination of the primary term of the lease. His only testimony in this connection was that he did not remember receiving copies of deposit slips which defendant alleged were sent to him by registered mail. But he acknowledged his signatures on the return receipts for the registered letters containing these deposit slips. Furthermore, it is admitted by plaintiff that he did not at any time notify either the bank or the defendant that he would refuse to accept such payments. The record shows that a few months after the payment of $5 was made in 1928 the account of plaintiff showed a balance of only $2.25, which indicates that a portion at least of the money so paid was actually used. It does not appear that any part of the payment for the year 1929 was actually used. The letter demanding that the defendant drill a well or pay offset money, written in 1928, did not contain a notice of refusal to accept further rentals. In view of the terms of the lease, the duty was upon plaintiff to notify the defendant before the rentals became due that he would refuse to accept them. The only testimony of plaintiff in this regard was that he refused to "accept" the rentals so paid. This was a mere conclusion. Although it was not objected to and may be said to be in evidence, yet it is not competent evidence which can reasonably tend to support the judgment. Under such circumstances there was no question of fact for the jury in this regard, and the court should have directed a verdict in favor of the defendant. This is a law action, and we cannot weigh the evidence, but when there is no competent evidence reasonably tending to support the judgment of the trial court, it must be reversed.

It is not necessary to discuss the other reasons for reversal advanced by the plaintiff in error. The judgment is reversed, with directions to enter judgment in favor of the defendant.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and DAVISON, JJ., concur. RILEY and GIBSON, JJ., absent.