**R. O. BURBIDGE and Mabelle J. Burbidge, Plaintiffs and Appellants,**

**v.**

**Hilda E. NOE, Executrix of the Last Will and Testament of Clyde E. Noe, Deceased, Defendant and Respondent.**

**No. 7435.**

Supreme Court of North Dakota.

March 14, 1955.

Q. R. Schulte, Stanley, for plaintiffs and appellants.

Bjella & Jestrab, Williston, for defendant and respondent.

SATHRE, Judge.

The plaintiffs brought this action to cancel an oil and gas lease covering the following described lands situated in Mountrail County, North Dakota.

The Southeast Quarter (SE¼), South half of the Northwest Quarter (S½ NW¼), South half of the Northeast Quarter (S½NE¼), East half of the Southwest Quarter (E½SW¼), all in Section One (1) Township One Hundred Fifty-seven (157) West of the Fifth Principal Meridian.

The lease in controversy is what is called an "unless" lease. It provides:

"If no well be commenced on said land on or before August 15th, 1951, this lease shall be terminated as to both parties unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the Scandia American Bank at Stanley, North Dakota or its successors, which shall continue as a depository regardless of changes in the ownership of said land, the sum of $52.00 which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date."

The plaintiffs' complaint alleges a failure on the part of the defendant to comply with the terms of the lease and particularly in failing to pay the delay rentals as required by the terms of the lease. The answer denies that there was a failure to comply with the terms of the lease and alleges that the defendant had in all respects complied substantially with the terms of the lease.

The answer further alleged that the plaintiffs never at any time furnished to Clyde E. Noe or to Hilda E. Noe, as administratrix of the estate of Clyde E. Noe, deceased, the original of the deed by which the plaintiffs claim ownership of the land involved, or a certified copy thereof, and that by reason thereof the defendant was fully justified in making payment to Villa Wooster and Ira Wooster and depositing to their credit in the Scandia American Bank at Stanley, North Dakota the rental due upon said lease, and that the lease was in good standing and not in default. The case was tried before the Hon. Eugene E. Burdick, Judge of the District Court, Fifth Judicial District, Mountrail County, North Dakota.

The district court held that payment of the delay rental accruing under the terms of the lease insofar as it covered the acreage described in the complaint was properly and timely made by the defendant on or before the due date stated therein. Judgment was entered accordingly and the plaintiffs appealed from the judgment and demanded a trial de novo in this court.

The facts in the case were agreed to by stipulation in writing and briefly stated are as follows:

On August 15, 1950 Villa M. Wooster and Ira Wooster, husband and wife, were the owners of the real property described in the complaint. On said August 15, 1950 they executed and delivered to M. B. Rudman of Dallas Texas an oil and gas lease covering the said described real property. This lease is exhibit "A" in the record and was recorded in the office of the register of deeds of Mountrail County, March 28, 1951. Thereafter and on February 19, 1951 the said Villa M. Wooster and Ira Wooster, transferred the said described real property by warranty deed to the plaintiffs in this action, R. O. Burbidge and Mabelle J. Burbidge, husband and wife, which deed was recorded in the office of the register of deeds of Mountrail County on July 11, 1951.

On December 12, 1950 the lessee M. B. Rudman by an instrument in writing assigned his said lease to Clyde E. Noe, of Williston, North Dakota, which assignment was recorded in the office of the register of deeds of Mountrail County on March 28, 1951. On August 11, 1951 Clyde E. Noe the assignee of the lease from Rudman deposited in the Scandia American Bank of Stanley, North Dakota the sum of $52 to be placed to the credit of Villa Wooster and Ira Wooster, for rentals payable August 15, 1951 to August 15, 1952. The bank issued its receipt for this payment to Clyde E. Noe, but Villa M. Wooster and Ira Wooster refused to accept this payment. The bank notified Clyde E. Noe of such refusal and on or about August 29, 1951 Clyde E. Noe made a new rental check to the bank to the credit of the plaintiffs herein. On April 1, 1952 the plaintiff R. O. Burbidge sent to Clyde E. Noe a photostatic copy of the deed from the Woosters to him and his wife Mabelle Burbidge.

On August 4, 1952 Clyde E. Noe died at Williston, North Dakota. Funeral services were held August 7, 1952 at Williston, North Dakota, and thereafter the body was taken to Des Moines, Iowa for burial. The defendant Hilda E. Noe, surviving widow of Clyde E. Noe, returned to Williston August 13, 1952 and with her son and her daughter checked through the papers of her deceased husband. Among these papers were a number of mineral deeds and over 100 oil and gas leases. While checking these papers they discovered the oil and gas lease involved in this action and noticed that the rentals were due on the 15th day of August 1952, and on August 13, 1952, Hilda E. Noe the defendant in this action mailed the rental to the depository bank by her personal check and thereafter received rental remittance and bankers receipt from the depository bank. The check was made payable to Scandia American Bank, and accompanying remittance sheet states that the proceeds of the check were to pay rental from August 15, 1952 to August 15, 1953 according to the terms of the oil and gas lease made by Villa M. Wooster and Ira Wooster to M. B. Rudman on the land described in the lease. The bank, however neglected to place the proceeds of said check to the credit of the plaintiffs.

On August 22, 1952 the plaintiff R. O. Burbidge advised "Clyde E. Noe Estate" by letter that he had purchased the real property involved in this action.

Thereafter on August 28, 1952 Letters Testamentary of the Estate of Clyde E. Noe were issued to defendant Hilda E. Noe, his surviving widow, and she qualified as provided by law. On September 19, 1952 the plaintiff R. O. Burbidge wrote a letter to Mrs. Clyde Noe, administratrix of Clyde Noe Estate, Williston, North Dakota "re rental payment" on the lease covering the land involved in this action. On October 6, 1952 plaintiff Burbidge by letter advised Scandia American Bank that the oil and gas lease involved had lapsed and directed said bank not to accept such payment of rentals for the account of the said R. O. Burbidge.

On or about the 9th of October 1952 in response to a personal inquiry by Hilda E. Noe administratrix of the estate of Clyde E. Noe, deceased, the depository Scandia American Bank of Stanley, North Dakota deposited the delay rental for which Mrs. Noe had mailed her check August 13, 1952 to the credit of the plaintiffs in this action. At the same time the depository bank executed a deposit credit to the account of R. O. Burbidge and a debit to the account of Ira Wooster.

At no time did the plaintiff Burbidge furnish to Clyde E. Noe or to the defendant Hilda E. Noe individually, or to her as administratrix of the estate of Clyde E. Noe, deceased, the original or certified copy of the deed from the lessors, Villa M. Wooster and Ira Wooster, to the plaintiffs in this action.

On October 6, 1952 the plaintiff R. O. Burbidge advised Scandia American Bank that the oil and gas lease involved had lapsed and directed said bank not to accept payment of rentals for his account.

On October 8, 1952 the plaintiff R. O. Burbidge sent a written notification to "Clyde E. Noe Estate", Williston, North Dakota, which stated that that certain lease involved in this action which had been assigned by M. B. Rudman to Clyde E. Noe was cancelled and had been terminated by breach of the terms thereof and that the same was forfeited; that he thereby elected to declare the said lease forfeited and void and demanded that the holder thereof execute or have executed a proper surrender of said lease and have such surrender placed of record in the office of the register of deeds of Mountrail County, within 20 days of the date of the notice.

Thereafter and on or about the 5th day of November 1952 the plaintiffs brought this action for cancellation of said lease.

It is the contention of the plaintiffs that the defendant failed to make payment of the delay rental due August 15, 1952 and that the defendant was in default under the terms of the lease. The defendant however contends that she had complied substantially with the terms of the lease when on August 13, 1952 she issued her check for the amount of the rental payable to the depository bank designated in the lease. With reference to the manner of payment of the delay rentals the lease provides as follows:

"If no well be commenced on said land on or before August 15, 1951, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in The Scandia American Bank at Stanley, North Dakota or its successors which shall continue as the depository regardless of changes in the ownership of said land, the sum of Fifty-two and no/100 Dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods or the same number of months successively. All such payments or tenders of rental may be made by check or draft of lessee or any assignee thereof, mailed or delivered on or before

the rental paying date either direct to lessor or assigns or to said depository bank."

The stipulated facts show that on August 13, 1952 Hilda E. Noe surviving widow of said deceased, discovered the oil and gas lease involved in this action and on that date issued her check in payment of the rental due August 15, 1952. The check was made payable to the depository bank agreed upon by the lessor and lessee. The remittance sheet, exhibit "F" stated that the proceeds of the check were to pay rental from August 15, 1952 to August 15, 1953 according to the terms of the oil and gas lease made by Villa M. Wooster and Ira Wooster, to M. B. Rudman covering the land described therein.

From the language quoted it clearly appears that when the plaintiffs purchased the land covered by the lease under consideration they were bound by all of the terms of the lease in the same manner and to the same extent as the original lessor. Under its terms the "lessee' or any assigns thereof" had the privilege of making remittance direct to the lessor or his assigns or to said depository bank. There is no dispute as to the fact that on August 13, 1952 Mrs. Noe issued her check exhibit "G" in the right amount, plus 50 cents to cover the bank charges, payable to Scandia American Bank in payment of the delay rental due August 15, 1952. On the check is a notation "Wooster Lease", indicating the purpose for which it was issued. It was received by the bank on the following day August 14, 1952, one day before the due date of the delay rental payment. The lease rental remittance and banker's receipt exhibit "F" issued by the depository bank, shows that the check was received by the depository bank on August 14, 1952. When Hilda E. Noe discovered the lease in question among the papers of her deceased husband she used due diligence and immediately mailed her check in payment of delay rental to the depository bank as she had the right to do under the terms of the lease. It was received by the bank on the 14th day of August the day before the rental was due. She had therefore in good faith complied with the terms of the lease with respect to payment of the delay rental. The fact that the plaintiffs were not credited with the proceeds of the check issued by Hilda E. Noe on August 13, 1952 until October 9, 1952 was due to the omissions of both parties.

In Carter Oil Company v. Samuels, 181 Okl. 218, 73 P.2d 453, 455, it was said:

"Where it is stipulated in the lease that the lessee may make payment by deposit in a specified bank to the credit of the lessor, the acceptance of such payment is implied by this agreement when the deposit it made pursuant to the stipulation. * * * Nor can the lessor avoid the effect of payment to the bank pursuant to the terms of the lease by refusing to withdraw the sum from the bank. When so paid, the fund becomes the property of the lessor. Kachelmacher v. Laird, 1915, 92 Ohio St. 324, 110 N.E. 933, Ann.Cas.1917E, 1117."

We are satisfied that the stipulated facts and the record show that the defendant complied with the terms of the lease by making timely payment of the delay rental to the depository bank designated in the lease.

The judgment of the district court is affirmed.

BURKE, C. J., and JOHNSON, GRIMSON and MORRIS, JJ., concur.